FILED

**HEIDI M. LOBSTEIN**
**3852 McLaughlin Ave**
**Los Angeles, California 90066**
**310-902-4555 cell**
**lobstein8@gmail.com**

2019 Sep 3 PM 2: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

**Plaintiff In Pro Per**

## UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

HEIDI M. LOBSTEIN , an
individual,

      PLAINTIFF,

      vs.

WASHINGTON MUTUAL
MORTGAGE PASS-
THROUGH CERTIFICATES
WMALT SERIES 2007-0C1,
and Does 1 through 10,
inclusive.

      DEFENDANTS.

Case No. **CV19-07615**-SVW-JPR

Hon. _____
Dept. ____

**PLAINTIFF'S COMPLAINT FOR
(1) WRONGFUL FORECLOSURE;
(2) VIOLATION OF CAL. CIV.
CODE §2924; (3) DECLARATORY
RELIEF (4) DECLARATORY
RELIEF; (5) BREACH OF
CONTRACT; (6) DECLARATORY
RELIEF; (7) WRONGFUL
FORECLOSURE; (8) FAIR DEBT
COLLECTION PRACTICES ACT;
(9) CIVIL CONSPIRACY; (10)
MAIL AND WIRE FRAUD 18
U.S.C., SECTIONS 1341, 1343; (11)
BANK FRAUD 18 U.S.C. 1341,
1344; (12) VIOLATION OF 18
U.S.C. § 1001 AND VIOLATION OF
18 U.S.C. § 1005;**

Jury Trial Demanded



PAID

SEP - 3 2019

Clerk, US District Court
COURT 4612

ORIG

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Plaintiff hereby alleges as follows:

**PARTIES**

1.    Plaintiff, HEIDI M. LOBSTEIN, resides at 3852 MCLAUGHLIN AVENUE, LOS ANGELES CA 90066, and at all relevant times, the address of the subject property, 3852 MCLAUGHLIN AVENUE, LOS ANGELES, CA 90066. The subject property is located within this same county.  The legal description for this Property is:

THE LAND REFERRED TO HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES, DESCRIBED AS FOLLOWS:

LOT 297, OF TRACT NO. 7668, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 83 PAGE(S) 1 TO 3 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

A.P.N.: 4214-013-008.  See Exhibits 1-2.

2.    Defendant    WASHINGTON    MUTUAL    MORTGAGE    PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1, is NOT registered with the California Secretary of State to do business in

California and is NOT A REGISTERED TRUST, is not licensed to do business in this state and is doing business here unlawfully, and whose principal place of business is 1301 SECOND AVENUE, WMC 3501A SEATTLE WA 98101 (206) 500-4418 and is subject to the laws of Washington; AND whose closing date is January 25th, 2007[1], making any acquisition after that illegal, unenforceable and outside the terms of the offering. [2]

3.    Defendant   WASHINGTON   MUTUAL   MORTGAGE   PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1, and which entity is currently operating outside of the statutory guidelines and thus NOT a valid California Corporation, and cannot do business in this State and knowingly doing so in violation of California Corporations Code Section 2100, et. seq.

4.    Defendant   WASHINGTON   MUTUAL   MORTGAGE   PASS-

---

[1] https://www.sec.gov/Archives/edgar/data/1317069/000127727707000043/fwptermsheetwamu07_oa1.pdf
[2] Thus, it has designated, pursuant to 2104. Any foreign lending institution which has not qualified to do business in this state and which engages in any of the activities set forth in subdivision (d) of Section 191 shall be considered by such activities to have appointed the Secretary of State as its agent for service of process for any action arising out of any such activities, and, on or before June 30th of each year, shall file a statement showing the address to which any notice or process may be sent in the manner and with the effect provided in Section 2111. See CORPORATIONS CODE SECTION 2100-2117.1. Therefore, the two unregistered Defendants have elected to have the secretary of state accept service of process for them and a copy of the summons and complaint will be served by certified mail, return receipt requested, to the last known address of the Defendant, 452 FIFTH AVENUE NEW YORK NY 10018 212 525-8119.

THROUGH CERTIFICATES WMALT SERIES 2007-0C1 is a "closed trust" whose principal place of business is 1301 SECOND AVENUE, WMC 3501A SEATTLE WA 98101 (206) 500-4418, and is subject to the laws of the State of Washington.

5.    Plaintiff is informed and believes and based on such information and belief aver that each of the Defendants is contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for the acts and omissions described herein.

6.    Plaintiff is informed and believe and based on such information and belief aver that Defendants WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1,, and "All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse To Plaintiff's Title, Or Any Cloud On Plaintiff's Title Thereto, are and at all material times have been, the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as averred herein.

7.    Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth

1   herein, except as otherwise alleged.

2   ## GENERAL ALLEGATIONS

3   ## FACTS COMMON TO ALL CAUSES OF ACTION

4

5   8.   On 9/9/2004, Plaintiff purchased certain real property commonly known

6   as (the "Subject Property"), located at 3852 MCLAUGHLIN AVENUE,

7

8   LOS ANGELES, CA 90066, Document Number 04-2315301, recorded

9   in the official records of Los Angeles County, California, Exhibit 1-2.

10

11   The subject property is located within this same county.

12   9.   The address of the subject property, 3852 MCLAUGHLIN AVENUE,

13   LOS ANGELES, CA 90066. The subject property is located within this

14

15   same county.  The legal description for this Property is:

16   THE LAND REFERRED TO HEREIN IS SITUATED IN THE STATE

17   OF CALIFORNIA, COUNTY OF LOS ANGELES, DESCRIBED AS

18   FOLLOWS:

19

20   LOT 297, OF TRACT NO. 7668, IN THE CITY OF LOS ANGELES,

21   COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER

22   MAP RECORDED IN BOOK 83 PAGE(S) 1 TO 3 INCLUSIVE OF

23   MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID

24   COUNTY.

25

26   A.P.N.: 4214-013-008.  See Exhibits 1-2.

27

28

10.    EXHIBIT 3 – DEED OF TRUST, RECORDED IN THE OFFICIAL RECORDS OF THE COUNTY OF LOS ANGELES, DOCUMENT NUMBER 04-2315302 ON SEPTEMBER 9TH, 2004.

11.    Said loan is an infamous World Savings Deed of Trust which was part of the Pick a Payment fraud, and the court has already ruled that their mortgages are void as an illegal and illicit scheme and artifice to defraud borrowers.

12.    EXHIBIT 4 - is a Golden West Reconveyance, Document Number 05-3203718.

13.    EXHIBIT 5 – DEED OF TRUST AND REQUEST FOR NOTICE OF DEFAULT recorded in the official records of Los Angeles County, Document 05-1583036 on July 6th, 2005.

14.    Said deed of trust purports to claim that Sunbelt Financial Services was the lender.

15.    A search of the public records shows that Sunbelt Financial Services was not only NOT the lender, but it did not exist at the time as a lawful corporation, was not a registered lender, and was doing business here unlawfully.

16.    Because the lender was not licensed to do business in this state, the purported loan and deed of trust is void ab initio as an illegal and unenforceable agreement.

17. EXHIBIT 6 is a Deed of Reconveyance recorded in the official records of Los Angeles County on December 30th, 2005, Record number 05-3238575.

18. EXHIBIT 7 is a deed of trust in favor of Mortgageit recorded in the official records of Los Angeles County on December 7th, 2005, record number 05-2991085.

19. Mortgageit is a foreign corporation New York corporation.

20. On May 3, 2011, a civil fraud lawsuit was filed by the United States against Deutsche Bank AG, DB Structured Products, Inc., Deutsche Bank Securities, Inc. (collectively "Deutsche Bank") and MORTGAGEIT, INC. ("MORTGAGEIT") seeking damages under the federal False Claims Act for repeated false certifications to U.S. Department of Housing and Urban Development ("HUD") in connection with the residential mortgage origination practices of MORTGAGEIT, a wholly-owned subsidiary of Deutsche Bank AG since 2007.

21. The Complaints filed in Manhattan federal court alleged that between 1999 and 2009, MORTGAGEIT was a participant in the Direct Endorsement Lender Program ("DEL program"), which delegates authority to participating private lenders to endorse mortgages for Federal Housing Administration's ("FHA's") insurance.

22. As a Direct Endorsement Lender, MORTGAGEIT had the authority to originate, underwrite, and endorse mortgages for FHA insurance.

23. If a Direct Endorsement Lender approves a mortgage loan for FHA insurance and the loan later defaults, the holder of the loan may submit an insurance claim to HUD for the associated default costs, which HUD is obligated to pay.

24. Under the DEL program, neither the FHA nor HUD reviews a loan before it is endorsed for FHA insurance.

25. Direct Endorsement Lenders are required to follow program rules designed to ensure that they are properly underwriting and endorsing mortgages for FHA insurance.

26. Inherent in that obligation is to maintain a quality control program that can prevent and correct any underwriting deficiencies.

27. Such a quality control program must include a full review by the lender of all loans that go into default within the first six payments, known as "early payment defaults."

28. *Early payment defaults* may be signs of problems in the underwriting process, and by reviewing early payment defaults, Direct Endorsement Lenders are able to monitor those problems, correct them, and report them to HUD

29.    The Complaint alleges that MORTGAGEIT failed to comply with the requirements of a quality control program.

30.    Further, since 1999, MORTGAGEIT endorsed over 39,000 mortgages for FHA insurance.

31.    During that same period, FHA paid in excess of $369 million in insurance claims on over 3,200 mortgages endorsed for FHA insurance by MORTGAGEIT (including more than $58 million in defaulted loans that occurred after Deutsche Bank AG's 2007 acquisition of MORTGAGEIT.

32.    The Complaint alleged that a portion of those losses was caused by the false statements that the defendants made to HUD to obtain FHA insurance on individual loans.

33.    MORTGAGEIT had knowingly falsely certified that each of these loans was eligible for FHA insurance – in large part because MORTGAGEIT failed to perform basic due diligence and repeatedly endorsed mortgage loans that were not eligible for FHA insurance.

34.    That the mortgage which is the subject of this action has been paid by the fraud perpetrated by Mortgageit and the FHA insurance has paid the amounts in full, and the FHA insurance which has no subrogation rights, and as an actual and proximate cause, the Defendant has been paid in full and has no standing to seek monetary damages from the Plaintiff.

35.    Exhibit 8 is the Mers Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20070236103, on February 5th, 2007.

36.    Exhibit 9 is the Mortgage Store Financial, Inc., Deed of Trust, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 06-2842065, on December 21st, 2006.

37.    The controller of Mortgage Store was convicted and the store closed in June of 2008 for floating checks and for charges that arose out of the operations of the business.

38.    That the mortgage was stemmed from the fraudulent operations of the business.

39.    That the mortgage itself is void as a result of being a part of a felonious scheme concocted by Amark Avalos, the controller.

40. Jason Rauschelbach and John York, the owners of The Mortgage Store, pleaded guilty earlier this year to related charges.

41. Rauschelbach is serving a 24-month prison sentence.

42. Exhibit 10 is an Assignment of Deed of Trust created and by California Reconveyance Company to Bank of America, NA as successor by merger to LaSalle Bank, NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-0C1 Trust in the 12/01/2006.

43. Said assignment is of a securitized instrument and as a result of it being securitized into a closed trust, the instrument was actually void and makes the mortgage which is the subject of this action void, See *Glaski v. Bank of America*, 218 Cal. App. 4th 1079 - Cal: Court of Appeal, 5th Appellate Dist. 2013: "Under New York Trust Law, every sale, conveyance or other act of the trustee in contravention of the trust is void. EPTL § 7-2.4. Therefore, the acceptance of the note and mortgage by the trustee after the date the trust closed, would be void." (***Wells Fargo Bank, N.A***. *v. Erobobo* (N.Y.Sup.Ct. 2013) 39 Misc.3d 1220(A) [2013 WL 1831799, p. *8]; see *Levitin & Twomey, Mortgage Servicing, supra*, 28 Yale J. on Reg. at p. 14, fn. 35 [under N.Y. law, any transfer to the trust in contravention of the trust documents is void].) Relying on Erobobo, a bankruptcy court recently concluded "that under New York law, assignment of the Saldivars' Note after the start up day is void ab initio. As such, none of the Saldivars' claims will be dismissed for lack of standing." (*In re Saldivar* (Bankr. S.D.Tex., June 5, 2013, No. 11-10689) 2013 WL 2452699, p. *4.)

44. EXHIBIT 11 is a Substitution of Trustee and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20070236103, on February 5th, 2007.

45. Said document purports to have been executed by Deborah Brignac, vice president of Bank of America, National Association as successor by merger to LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-0C1 Trust by JPMorgan Chase Bank, National Association, as attorney in fact.

46. A search of the public records does not reveal any pre-recorded authority for Deborah Brignac to execute documents on behalf of Bank of America but instead revealed that she was not employed as a vice president of Bank of America, but instead an employee of California Reconveyance Company who was convicted of being part of the Florida foreclosure mill, Albertelli Law, who acquired California Reconveyance Company, a California based trustee firm, from J.P. Morgan Chase Bank NA in December 2013. Albertelli has put Deborah Brignac, a notorious robosigner, in charge of running ALAW's west coast operations. CRC wrongfully foreclosed on thousands of homes in California and Arizona using robosigned documents.

47. That the mortgage which the substitution is based is VOID as set forth above.

48. That EXHIBIT 12 is a fraudulent notice of default, and is recorded in the official records of the Recorders office in Los Angeles County,

California, Document 20091620620, on October 27th, 2009 recorded by the convicted California Reconveyance Company.

49. That Exhibit 13 is a Notice of Trustee's Sale and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20100136998, on January 29th, 2010 recorded by the convicted California Reconveyance Company.

50. Note that it too was signed by the forger, Deborah Brignac, as Vice President of Now California Reconveyance Company.

51. Attached to said notice is an affidavit from JP MORGAN CHASE BANK, NA, who is not listed on the void mortgage, but claims now to be the servicer for the Defendant.

52. Said notice falsely claims that the time frame did not apply, yet it was applicable, making the affirmation perjury.

53. Said affirmation was not signed, but simply had a typed name, in direct violation of code.

54. Exhibit 14 is a Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20101819203, on December 9th, 2010.

55. Exhibit 15 is a Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20101819203 on December 9th, 2010.

56.   Exhibit 15 is a Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20101819203 on December 9th, 2010 recorded by the convicted California Reconveyance Company.

57.   EXHIBIT 16 is a Notice of Trustee's Sale, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20110178407 on February 2nd, 2011 recorded by the convicted California Reconveyance Company.

58.   EXHIBIT 17 is a Notice of Trustee's Sale, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20120302504 on February 27th, 2012 recorded by the convicted California Reconveyance Company.

59.   EXHIBIT 18 is a Corporate Assignment of Deed of Trust, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20120703205 on May 10th, 2012 recorded by the JPMorgan Chase Bank, who claimed originally to be a servicer, and in this document claims to be the successor in interest to the defunct Mortgage Store and purported successor, the Trust, and the void mortgage.

60. Said document admits on its face that JPMOrgan Chase is responsible for receiving payments and said document was prepared in Florida, County of Pinellas.

61. In Florida, it constitutes a felony to prepare for recording and recording in the official records a forged and / or false document.

62. Said document is a part of a forgery and thus is void and unenforceable under Florida Law.

63. That Osceola County completed an investigation of their recorded documents and found that JP Morgan Chase had violated multiple felonies when they prepared and recorded similar false documents.

64. That under the laws of the State of Florida, a power of attorney had to be recorded in the official records before any such preparation and signature of a document for recording in the official records, and a search of LaQuina Wilson Doaty evidences that no such authority exists.

65. That because the document is illegal in the state where it was created, it is VOID ab initio.

66. EXHIBIT 19 is a NOTICE OF TRUSTEE'S SALE, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20121675620 on November 5th, 2012 recorded by the same convicted California Reconveyance Company.

67.  EXHIBIT 20 is a SUBSTITUTION OF TRUSTEE, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20150551613 on May 13th, 2015 recorded by Trustee Corps.

68.  Said document is void as EXHIBIT 18 is a Corporate Assignment of Deed of Trust, document 20150551613, recorded in the official records of Los Angeles County on May 13th, 2015 is a felony, perjury and a fraud perpetrated on the people, the Plaintiff and the Court.

69.  Exhibit 20 purports to claim that U.S. Bank National Association has substituted the trustee, but as seen in Exhibit 18, JPMorgan Chase claims to be the assignee of the subject mortgage, and therefore there is no authority to substitute trustees by the assignor, US Bank.

70.  This is slander on the Plaintiffs title and a conspiracy exists between Defendant WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1 and JP Morgan Chase Bank, NA who both apparently believe that felonies are still acceptable in this state.

71.  That said document was created in Florida, where it constitutes a felony to prepare for recording and record in the official records a fraudulent document such as Exhibit 20.

72.     EXHIBIT 21 is a Trustee Corps Notice of Trustees sale, and recorded in the official records of Los Angeles County, California 20150609241 on May 26th, 2015.

73.     That Exhibit is a fraudulent document as they claim to be selling the property to enforce a void mortgage, which was transferred into a closed trust by an entity that has no standing to do so.

74.     EXHIBIT 22 is a Trustee Corps Notice of Trustees sale, and recorded in the official records of Los Angeles County, California 20151072190 on August 31st, 2015.

75.     That Exhibit 22 is a fraudulent document as they claim to be selling the property to enforce a void mortgage, which was transferred into a closed trust by an entity that has no standing to do so.

76.     EXHIBIT 23 is an admission of fraud and a Notice of Rescission of Notice of Default and Election to Sell Under Deed of Trust, and recorded in the official records of Los Angeles County, California 20161343577 on October 31st, 2016.

77.     EXHIBIT 24 is another fraudulent Substitution of Trustee and recorded in the official records of Los Angeles County, California 20181079618 on October 31st, 2016, this time designating National Default Servicing Corporation.

78. Multiple lawsuits have been brought and been successful against National Default Servicing Corporation, including a Nevada class action to disgorge them of all profits, which is similar to the conduct committed against the Plaintiff herein, but Plaintiff was not a party to that class action since it was for Nevada Residents.

79. Again, fraudulently, the claimed beneficiary in the fraudulently recorded document, contrary to the claims of JPMorgan Chase Bank, NA (Exhibit 18), is in favor of US Bank.

80. EXHIBIT 25 is a short form deed of trust and assignments of rents by CAA Inc and recorded in the official records of Los Angeles County, California 20101843661 on December 14th, 2010.

81. A search of the public records shows that it had a Registration Date 03/11/1991 and was suspended from doing business by the FTB and therefore the deed of trust was void ab initio as they were barred from doing business in this state pursuant to order by the FTB.

82. EXHIBIT 26 is a grant deed from Heidi Lobstein to the McLaughlin Revocable Living Trust Dated November 17th, 2010.

83. EXHIBIT 27 is the Lis Pendens Document 20130755532 recorded in the official records of Los Angeles County, California on May 20th, 2013.

84. EXHIBIT 28 is the Grant Deed in favor of Bayline Holding for 70% and Levitical Holdings LLC, a Nevada Corporation of 30%.

85.  EXHIBIT 29 is the Deed of Trust in favor of Limelite Reconveyance, recorded in the official records of Los Angeles County, California Document Number 20151189072, on September 24th, 2015.

86.  EXHIBIT 30 is the Order Granting Relief from the Automatic Stay, recorded in the official records of Los Angeles County, California Document Number 20160301626, on March 18, 2016.

87.  EXHIBIT 31 is the GRANT DEED from Bayline Holding and Levitical Holding to Heidi M. Lobstein, recorded in the official records of Los Angeles County, on April 5th, 2016, document number 20160371581.

88.  EXHIBIT 32 is the Notice of Assessment, recorded in the official records of Los Angeles County, Document Number 20170535425, on May 15th, 2017.

89.  EXHIBIT 33 is the Notice of Assessment, recorded in the official records of Los Angeles County, Document Number 20170535425, on May 15th, 2017.

90.  The plaintiff falls within the class of borrowers who can challenge a trustee's sale. (*Robinson v. Countrywide Home Loans, Inc.* (2011) 199 Cal.App.4th 42; Gomes v. Countrywide Home Loans, Inc. (2011) 192 Cal.App.4th 1149.

91.  The borrower may seek to set aside the trustee's sale for irregularities that are prejudicial. (See *Angell v. Superior Court* (1999) 73 Cal.App.4th 691,

700 [person challenging sale must show that the failure to comply with procedural requirements for a foreclosure sale caused prejudice].)

92.    The appointment of the trustee / substitution of trustee was void as a result of being executed without actual authority to do so and there exists a serious break in the chain of assignments where Chase claims to be the successor by assignment, but then the US Bank as Trustee continued to act as owner, and recorded a chain of fraudulent substitutions of trustees without authority to do so.

93.    The process of recording the notice of default after substitution of trustee is not only a violation of the civil code and non-judicial foreclosure process, but also grounds entitling the Plaintiff for monetary relief, compensatory damages of one million dollars, and exemplary damages of three times the amount in the sum of three million dollars in the event of default.

94.    This defect constitutes a void foreclosure and the court can either set-aside and vacate the foreclosure, or, in this instance, award monetary compensation to the Plaintiff based on the fair market value of the property of three million dollars, and treble those damages, or nine million dollars in the event of default.

95.    As stated above, the trust was closed at the time, and a violation of the agreement that the lender cannot acquire assets after the trust was closed;

and especially falsely claimed they possessed the original note and deed of trust when they did not.

96. The entire assignment of deed of trust is a sham, recorded in the official records is a felonious series of actions which almost led to the entire collapse of the country's financial institutions.

97. It is a clear act of felonious intent to record false documents in the official records; steal the Plaintiffs equity in her home to profit by fraudulently imposing trumped up charges on Plaintiff's account.

98. All the criminal activity, the felonious documents, the fraudulent execution of documents, the falsely imposed charges, all were done for the purpose of selling the Plaintiff's homestead home and stealing her equity.

99. The criminal and void mortgages and recorded documents were intended to cause and did cause the Plaintiff to suffer severe emotional distress.

100. Even the notice of sale seeks to impose interest, late charges and other fees which were neither due nor owing.

101. The Defendant's agent and did the conduct complained of, including the recording and notice to the plaintiff for the purpose and was known to cause, was intended to cause, and did actually and proximately cause the Plaintiff to suffer severe emotional distress, upset, aggravation, loss of sleep, and personal injury.

102. Said conduct of the employees and participation in their recordation of the fraudulent document in bank records and in the public records is a felony and fraud.

103. The fraudulent Assignment of Deed of Trust, held by a Corporation which is operating ulta vires, was recorded using means of interstate commerce (the US or other public mail system); recorded in the official records of LOS ANGELES County; and the information contained thereon was recorded in the bank records of Defendant, in violation of Statutes, including, but not limited to: 15 U.S.C. § 1692 ET. SEQ.; MAIL AND WIRE FRAUD 18 U.S.C., SECTIONS 1341, 1343; BANK FRAUD 18 U.S.C. 1341, 1344; 18 U.S.C. § 1001; 18 U.S.C. § 1005; and 12 C.F.R. §202.16, among others.

104. Because the true lender was not a party to the fraudulent foreclosure, then no payment has been made to any of the Defendants within the past five years, and thus their right to recover is barred by the CALIFORNIA Statute of Limitations, California Code of Civil Procedure § 321.

105. Defendants, and each of them, have slandered the title of the Plaintiff, harming her creditworthiness, and destroyed her borrowing power on the property without having any interest thereon.

106. That as a result, the notes secured by the mortgages, the mortgages, assignments, and judgment are all fraudulent and void ab initio as a part

of a scheme or plan to defraud the Plaintiff and others similarly situated as a regular scheme for which the OCC has sanctioned and punished the Defendant, and as a result of all the allegations contained herein in this suit, the notes secured by the mortgages, the mortgages and the assignments thereon all must be stricken as fraudulent and void ab initio.

107. That in violation of California Statutes, and the Federal Statutes, including 15 U.S.C. § 1692 ET. SEQ.; MAIL AND WIRE FRAUD 18 U.S.C., SECTIONS 1341, 1343; BANK FRAUD 18 U.S.C. 1341, 1344; 18 U.S.C. § 1001; 18 U.S.C. § 1005; and 12 C.F.R. §202.16, among others; by means of interstate commerce and use of interstate wire; the fraudulent and fraudulently signed document, which is referred to herein as Exhibits 2-33, and incorporated herein as though set forth in full, sans ANY lawful notary, was recorded with the County Clerk and Recorders office.

108. The conduct of the Defendants, and each of them, also violates Civil Code Section 2924, 2934, and 2932.5 and California Penal Code Section 115 that says it is a felony to record a false document that affects the title to residential properties of not more than four units.

109. California Penal Code Section 470(a) – (c) makes the conduct of the Defendants, and each of them, illegal, and void as fraud and forgery.

110. Plaintiff further refers to herein, and incorporates by reference, Exhibits 1- 33, inclusive, clearly showing the Defendants, and each of them, knew their conduct was fraudulent, by their act of Concealment of Assets and multiple violations of Federal and State Laws.

111. Said recording of the fraudulent assignment of a Deed of Trust, constitutes separate violations of the same statutes, both State and Federal, as set forth above, and deprives the Plaintiff of her US and California Constitutional Due Process rights, by depriving her of her property unlawfully without the due process of law and the Equal Protection of the Law.

112. Because Defendant's fraudulent execution of the Substitution of Trustee; and their knowledge of their fraud by their act of rescinding the first Notice of Default; clearly deprives them of any statutory protection provided to a valid Trustee.

113. The Defendants, and each of them, co-conspired to commit fraud upon the Plaintiff and other homeowners similarly situated.

114. The Defendants, and each of them, have committed a pattern of mortgage fraud and other related acts wrongfully committed by the Defendants, and each of them, and established a pattern of wrongful behavior, a criminal conspiracy and joint venture between the defendants and each of them and their lawyers, to harm the Plaintiff and others similarly situated.

115. The Defendants, and each of them, showed a pattern and practice sufficient to warrant Plaintiffs' claims for Civil Conspiracy against Defendants, and each of them, jointly and severally, for the violations as pled herein.

116. Defendants knew that the conduct complained of herein was fraudulent, and benefitted and attempted to benefit financially therefrom to the economic and emotional detriment of the Plaintiff.

117. That, after their fraudulent conduct, it was mailed by means of the US Mail or other means of interstate commerce and mail services, to deliver the fraudulent document to be recorded with the Official Records of the this County.

118. That the fraudulent documents were mailed across state lines, using means of interstate commerce, in furtherance of conspiracy of the Defendants, and each of them.

119. That, when the Defendants and each of them, knowing that the documents, or reasonably should have known the documents were in willful violation of the law and recorded the forged documents with the County, the Defendants, and each of them, acted to further the conspiracy with each of the other Defendants, and furthered the Defendant and each of their violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq.;

120. That, when Defendants with the knowledge that the documents, or reasonably should have known the documents were fraudulent and forgeries, they willfully and volitionally violated the Racketeering, Conspiracy to Engage in a Pattern of Racketeering Activity, (RICO) 18 U.S.C. 1961 et seq.;

121. That, as a result of that higher fiduciary duty standard, special skill and training, when Defendants, and each of them, presented for recording to the County Recorder documents which they knew were fraudulent; they, as a fiduciary, had the special skill, or should have had the special skill and knowledge, to know that the document presented to record were, in fact, fraudulent; and in so doing knew they would be breaching the special fiduciary duties owed the Plaintiff.

122. That, when Defendants, and each of them, with the knowledge that the documents and bank entries, or reasonably should have known the documents and bank entries were fraudulent; the defendants and each of them committed, and acted to further the conspiracy with the other Defendants, in violations of the 18 U.S.C. 1964, (Civil Rico Remedies), a predicate act for Civil Conspiracy.

123. That, when Defendants, knowing that the documents and bank entries were fraudulent, they committed acts, and acted to further the conspiracy

with the other Defendants, in their violations of the Mail and Wire Fraud

18 U.S.C., sections 1341, 1343.

124.    That, when the Defendants, and each of them, knowing that the

documents and bank entries, or reasonably should have known the

documents and bank entries were fraudulent, and willfully and

volitionally entered false information in bank records, and thus actually

and proximately committed acts to further the conspiracy with the

remaining Defendants, in their violations of the bank fraud statutes, 18

U.S.C. 1341, 1344.

125.    That violation of 18 USC 1341 and 1344, 18 U.S.C. § 1001 and 1005

constitute the underlying crime for the civil conspiracy claim in this

complaint.

126.    That, when the Defendants, and each of them, knowing that the

documents, or reasonably should have known the documents and

fraudulent bank entries willfully and volitionally committed, and acted to

further the conspiracy with the remaining Defendants, to assist them in

their violations of the Statute 18 U.S.C. § 1001;

127.    That, when Defendants, and each of them, knowing that the documents

and bank entries, or reasonably should have known the documents were

forgeries, fraudulently executed and fraudulently notarized, willfully and

volitionally entered false information in the bank records and furthered their violations of the Statute 18 U.S.C. § 1005.

128. At various times and places partially enumerated in Plaintiffs' documentary material, all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a Criminal Enterprise of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b) as a predicate act for Civil Conspiracy.

129. Defendant WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1, committed acts of predatory lending in violation of state and federal banking laws, entitling the Plaintiff to an order striking the recorded documents, Exhibits 2-33, inclusive.

130. All entitling the Plaintiff to monetary damages of three million dollars and treble damages of nine million dollars.

**FIRST CAUSE OF ACTION FOR**
**WRONGFUL FORECLOSURE**
**(AGAINST ALL DEFENDANTS)**
**(MONETARY DAMAGES AND EMOTIONAL DISTRESS**
**DAMAGES)**

131. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 1-130, inclusive, as though fully set forth herein.

132.  Based upon the Exhibits 2-33, inclusive,  and allegations incorporated herein, the conduct of the Defendants clearly show the transfer process taken by the Defendants, and each of them, are wholly invalid; done without proper authority; and the Trustee's substitution and sale of the Plaintiff's Property by the fraudulently appointed Trustee, in violation of the statutes which are strictly construed governing the non-judicial foreclosure process, where the Plaintiff is not currently authorized to conduct business in the State of California makes the future sale invalid, unauthorized, based on forged and illegal Substitution of Trustee, forged and illegal assignments, all of which make them simply void ab initio.

133.  Thus, the Trustee's sale of the subject property was void and without actual authority to do so; the subject deed of trust, should be stricken as void ab initio.

134.  Because Defendant WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1,'s fraudulent execution of the Substitution of Trustee; execution of a fraudulent assignment of Deed of Trust, and their knowledge of their fraud by their act of rescinding the first Notice of Default; clearly deprives them of any statutory protection provided to a valid Trustee, shows that they, as an unauthorized Trustee cannot even assert a claim of good faith in dealing with persons who apparently held legal title. Even if they tried, it is not

in itself sufficient basis for relief[3].

135.    Defendant    WASHINGTON    MUTUAL    MORTGAGE    PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1, was not the lawful trustee and no authority to act on behalf of the beneficiary when unauthorized, forged and illegal Substitution of Trustee and fraudulent assignment of mortgage, were filed and recorded with the County Recorder, which purported to give Defendant itself fraudulent authority and therefore, it was unauthorized to initiate and attempt to carry out the foreclosure sale of the Subject Property and NOT entitled to ANY statutory protection which can be asserted by a Trustee as provided under Section 2924(b).

136.    The Defendants, and each of them, knew, or reasonably should have known that by institution of a fraudulent foreclosure as alleged herein, the Plaintiff would suffer severe emotional distress, aggravation, upset, trauma, loss of sleep, and manifestations of the emotional distress caused by the fraudulent recording of forged documents with the intent to

---

[3] *6 Angles, Inc. v. Stuart-Wright Mortgage, Inc.* (2001), 85 Cal. App. 4th 1279 at 1285 where the Court stated: "it is the general rule that courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." Therefore, a forged "robo-signed" signature as shown in Exhibits 2-16 attached hereto, the Court in the instant case should be inclined to permanently stay and vacate the foreclosure documents of the Subject Property. Additionally, in *Bank of America v. La Jolla Group II* (2005)129 Cal.App.4th 706 , 28 Cal.Rptr.3d 825, the California Court of Appeals held that if a trustee is not contractually empowered under a deed of trust to hold a sale, it is totally void. See also *Trout v. Trout,* (1934), 200 Cal. 652 at 656.

1    foreclose without standing to do so.

2    137.  That in the event the court permits a foreclosure sale, it will be wrongful

3

4    and the Plaintiff has already suffered, and will suffer severe emotional

5    distress that was actually and proximately caused by the wrongful

6    conduct of the Defendants, and each of them, and their employees.

7
8    138.  Wherefore the Plaintiff prays for relief as set forth below.

9                    **SECOND CAUSE OF ACTION**
                     **VIOLATION OF CALIFORNIA**
10                   **CIVIL CODE SECTION 2924**
11           **(AGAINST DEFENDANT NATIONAL DEFAULT SERVICING)**

12   139.  Plaintiff incorporates herein by reference the allegations made in

13   paragraphs 1 through 138, inclusive, as though fully set forth herein.

14
15   140.  Because of the foregoing, the Defendant, NATIONAL DEFAULT

16   SERVICING, is not entitled to any protection provided by California

17   Civil §2924.

18
19   141.  Plaintiff respectfully requests that the court declare that NATIONAL

20   DEFAULT SERVICING, is Not a VALIDLY APPOINTED Trustee; is

21   NOT authorized to Do business in the State of California; has withdrawn

22

23   their agent for service of process; fraudulently executed and recorded

24   false documents, including Exhibits 2-33, inclusive; and

25
26   142.  An Order finding that Exhibits 2-33 void ab initio; fraudulent; and

27   stricken.

28

143.    That the Plaintiff is entitled to compensatory damages as a result against the Defendants, and each of them, in the sum of one million dollars, and treble that for three million dollars in the event of default.

144.    Wherefore Plaintiff Prays for Relief as Set Forth Below:

### THIRD CAUSE OF ACTION
### DECLARATORY RELIEF
### (AGAINST ALL DEFENDANTS)

145.    Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 144, inclusive, as though fully set forth herein.

146.    The Defendant did not have the legal authority to foreclose, i.e., the authority to exercise the power of sale as an assignee of Deed of Trust, because the Foreclosing Defendants' interest was never acknowledged and recorded in violation of 15 U.S.C. § 1692 ET. SEQ.; MAIL AND WIRE FRAUD 18 U.S.C., SECTIONS 1341, 1343; BANK FRAUD 18 U.S.C. 1341, 1344; 18 U.S.C. § 1001; 18 U.S.C. § 1005; and 12 C.F.R. §202.16, among other California Criminal and Civil Codes as incorporated herein.

147.    A non-judicial foreclosure sale therefore would only be conducted in violation of state and federal law, and any sale would be void ab initio and pursuant to the Government Save Your Home Programs, the Consent Orders and the Independent Foreclosure Review, Plaintiff is entitled to compensatory damages of the fair market value of the property and treble

damages for exemplary damages in the event of default.

148. Moreover, the Defendant never had legal authority to foreclose because the instrument (Deed of Trust), which permitted foreclosure if the borrower was in default, is void as it was improperly assigned and/or transferred to the Defendants through forged and improperly notarized and unauthorized executed documents.

149. Therefore, the Deed of Trust could not provide a basis for a foreclosure, and the non-judicial foreclosure would be fraudulent and void ab initio.

150. The Plaintiff was the victim of the scheme created by the Defendant trust to award the servicer for imposing fraudulent charges, fraudulent inspection fees, and putting her through the fraudulent foreclosure.

151. Accordingly, Plaintiff hereby requests an order of this Court finding that the Trustee was not authorized to act; there was no valid Trustee, the Trustee was barred from ever scheduling or, in the event a sale is not stayed, never had authority to hold a Sale and find that any sale that occurs thereunder is fraudulent and therefore void ab initio.

152. Wherefore the Plaintiff Prays For Relief As Set Forth Below.

**FOURTH CAUSE OF ACTION**
**DECLARATORY RELIEF**
**TO VOID OR CANCEL SUBSTITUTION OF TRUSTEE AND**
**NOTICE OF DEFAULTS**
**(AGAINST ALL DEFENDANTS)**

153. Plaintiff incorporates herein by reference the allegations made in

paragraphs 1 through 152, inclusive, as though fully set forth herein.

154. The Substitution of Trustee and all Notice of Defaults are therefore invalid, void ab initio, and of no force and effect, for the reasons set forth above.

155. Plaintiff is therefore entitled to an order that the Exhibit 2-33 be stricken, the Deed of Trust be deemed void ab initio and cancelling such Deed, if the court finds that there was not a bona fide purchaser for value, then quieting title in favor of the Plaintiff, but in the event there was a bona fide purchaser for value, the court instead award the Plaintiff one million dollars for compensatory damages and three times that amount for exemplary damages.

156. Wherefore Plaintiff Prays for Relief as Set Forth Below.

## FIFTH CAUSE OF ACTION FOR
## BREACH OF CONTRACT
### (AGAINST THE FORECLOSING DEFENDANTS)

157. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 156, inclusive, as though fully set forth herein.

158. A mortgage is a contract pursuant to California Civil Code section 2920(a).

159. As a result of the foregoing, the mortgage which is used to secure the property is breached by the Defendants, and each of their, conduct complained of herein.

160. That as an actual and proximate cause of said breach, the Plaintiff suffered damages in an amount according to proof or three million dollars, and exemplary damages of nine million dollars in the event of default;

161. That as an actual and proximate cause of said breach, the Plaintiff is entitled to declaratory relief finding that the Mortgage (security instrument) has been breached by the Defendants, and each of them, and are thus void ab initio on the basis of fraud and thus an order should issue finding the mortgage contract deemed void and no longer enforceable.

162. Therefore, the Defendants were bound to act in accordance with California law when initiating and consummating the foreclosure sale of the Subject Property.

163. Specifically, the Defendants were bound to obey and conform their actions to California Civil Code Section 2934, which they clearly have not done in the instant case.

164. As a direct and proximate cause of Defendants' breach of contract, Plaintiff has suffered damages in an amount to be proven at trial, but in the event of default, one million dollars in compensatory damages and three million dollars for exemplary damages.

//

//

### SIXTH CAUSE OF ACTION FOR
### DECLARATORY RELIEF UNDER
### CALIFORNIA BUSINESS AND PROFESSIONS CODE
### SECTIONS 17200 ET SEQ.
### (AGAINST ALL DEFENDANTS)

165.  Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 164, inclusive, as though fully set forth herein.

166.  California's Unfair Competition Statute, California Business & Professions Code Section 17200, et seq., prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . ." and conduct which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

167.  Defendants' actions herein in violating California Civil Code Section 2934 by making misrepresentations to the State of California are also business practices that are unlawful, unfair, and/or fraudulent under California Business & Professions Code Section 17200; by recording assignments of mortgage, and the having the entity who was not the assignee substitute trustees.

168.  The above-described unfair practices injured Plaintiff in an amount which will be proven at the time of trial but in the event of default, three million dollars compensatory damages and twelve million dollars exemplary damages for the willful misconduct.

169.  Plaintiff is informed and believes and therefore alleges that the

Defendants performed the above mentioned acts for the purpose of injuring plaintiff and facilitating Plaintiff losing her home to foreclosure.

170. As an actual and proximate cause of the foregoing, the Plaintiff is entitled to compensatory damages according to proof, and exemplary damages according to proof, or three million dollars compensatory damages and nine million dollars exemplary damages in the event of default as a result of the civil conspiracy, and unfair trade business practices.

171. Wherefore Plaintiff prays for relief as set forth below.

## SEVENTH CAUSE OF ACTION FOR
## WRONGFUL FORECLOSURE
## (AS TO ALL DEFENDANTS)

172. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 171, inclusive, as though fully set forth herein.

173. Plaintiff is the equitable owner of the Subject Property (the legal description which has been provided herein), which has the following legal description:

174. Plaintiff seeks to wrongful foreclosure damages against the claims of Defendants and each of them in the event the property is sold at foreclosure sale.

175. The Plaintiff has suffered economic and non-economic damages in an amount in excess of any sums purportedly owed to the Defendant; and because of the criminal conduct of the Defendants, and each of them; and

the breach of the agreements and breach of fiduciary duty owed the Plaintiff, the beneficiary has been paid in full.

176. Defendants' claims were adverse to Plaintiff because Plaintiff is informed or believes that none of the defendants is a holder of the mortgage loan note, none of them can prove any interest in the mortgage loan note and none of them can prove that the mortgage loan note is secured by the Deed of Trust.

177. As such, Defendants had no right, title, lien or interest in the Subject Property when they foreclosed.

178. Plaintiff seeks a judicial declaration that the title to the Subject Property at the time of the foreclosure was vested in Plaintiff alone and that the Title Defendants and each of them be had no interest estate, right, title or interest in the subject property and that the Title Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiff's rights; that all the recorded documents, exhibits 2-33 were void ab initio and an order is made striking them from the official records of this county as a fraud upon the people, fraud upon the Plaintiff and a fraud upon the court.

### EIGHTH CAUSE OF ACTION FOR
### FAIR DEBT COLLECTION PRACTICES ACT
### (AS TO WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1,)

179. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 178, inclusive, as though fully set forth herein.

180. The Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §§ 1692-1692p) has been violated by the Defendant WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1, based on the acts complained of and incorporated herein.

181. At the time the Defendants claimed they acquired the subject note and mortgage, they claimed it was in arrears and therefore the FDCPA applies to the Defendants as debt collectors.

182. On or about May 11th, 2010, and continuing to the Present, the Defendant WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1, made demands by causing to be mailed, or mailing demands for payments for which they were not entitled to recover, by means of the US Mail; by wire by use of the phone systems and internet; and other conduct to be proven at the time of trial.

183. As a result of that conduct, the Defendant violated the provisions of the Federal Fair Debt Collection Practices Acts on multiple and separate occasions.

184. Plaintiffs are entitled to recovery in the statutory sum of $1000 for each separate violation, in the sum according to proof at the time of trial but

one million dollars in the event of default and treble damages of three

million dollars;

185.    Wherefore Plaintiff prays for relief as set forth below.

### NINTH CAUSE OF ACTION FOR
### CIVIL CONSPIRACY
### (AS TO WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1

186.    Plaintiffs incorporate paragraphs 1 to 185, inclusive, herein, as though set forth herein in full.

187.    An agreement between two or more parties existed, including the defendant WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1, and each of them, and others;

188.    As alleged herein, the individuals agreed to perform an unlawful act, including, but not limited to those acts incorporated herein, or to do a lawful act by unlawful means, also as incorporated herein;

189.    The fraudulent preparation and recording of the forged documents, Exhibits 2-33; the violations of the numerous statutes; the mail fraud; the wire fraud; the bank fraud, and all acts incorporated herein, all constitute the doing of some overt act in pursuance of the conspiracy; and

190.    As an actual and proximate cause of the conspiracy, Plaintiff suffered actual economic and non-economic damages under the conspiracy as

1    prayed below.

2    191. Wherefore Plaintiff prays for damages as set forth below:

3
4    **TENTH CAUSE OF ACTION FOR**
     **MAIL AND WIRE FRAUD 18 U.S.C., SECTIONS 1341, 1343**
5    **(AS TO HSI ASSET LOAN OBLIGATION TRUST 2007-1, HSI**
     **ASSET**
6    **SECURITIZATION CORPORATION**

7    192. Plaintiffs incorporate paragraphs 1 to 191, inclusive, herein, as though set
8
9    forth herein in full.

10   193. The Defendants, and each of them, in a conspiracy with MERS,
11
12   voluntarily and intentionally devised or participated in a scheme to
13   defraud the Plaintiff out of money, her home, and attempting dispossess
14   her of the subject property;

15   194. The defendants, and each of them, did so with the intent to defraud;
16
17   195. In order to perpetrate the fraud, that it was reasonably foreseeable that
18   interstate wire communications would be used; and

19   196. That, Plaintiff has received phone calls from the Defendants (which prove
20
21   that interstate wire communications were in fact used).

22   197. As an actual and proximate cause of the wire fraud, Plaintiff suffered
23
24   damages under the wire fraud in the form of economic and non-economic
25   damages as prayed below:

26   198. Wherefore Plaintiff prays for relief as set forth below:
27
28   //

## ELEVENTH CAUSE OF ACTION FOR
## BANK FRAUD 18 U.S.C. 1341, 1344
## (AS TO HSI ASSET LOAN OBLIGATION TRUST 2007-1, HSI ASSET
## SECURITIZATION CORPORATION

199.  Plaintiffs incorporate paragraphs 1 to 198, inclusive, herein, as though set
      forth herein in full.

200.  The Defendants, and each of them, in furtherance of mail fraud devised
      or intending to devise a scheme to defraud (or to perform the acts
      specified and incorporated herein, all of which constitute fraudulent acts),
      as incorporated herein.

201.  The Defendants, and each of their, use of the mail was for the purpose of
      executing, or attempting to execute, the scheme (or the fraudulent acts
      incorporated and specified herein).

202.  As an actual and proximate cause of the mail fraud, Plaintiff suffered
      damages under the mail fraud in the form of economic of one million
      dollars and non-economic damages of exemplary damages of three
      million dollars as prayed below:

## TWELFTH CAUSE OF ACTION FOR
## VIOLATION OF 18 U.S.C. § 1001 AND VIOLATION OF 18
## U.S.C. § 1005;
## (AS TO HSI ASSET LOAN OBLIGATION TRUST 2007-1, HSI ASSET
## SECURITIZATION CORPORATION

203.  Plaintiffs incorporate paragraphs 1 to 202, inclusive, herein, as though set

forth herein in full.

204. Plaintiff alleges that the Defendant "falsified, concealed or covered up by any trick, scheme or device a material fact," as incorporated herein, including making false entries into the official records for the purpose of extorting monthly payments and to force payments of amounts that were neither due nor owing or risk losing the Plaintiffs homestead home to false .

205. The Defendants, and each of them, made false, fictitious or fraudulent statements or representations" as already incorporated herein, including recording a notice of default before substituting in as a trustee; and substituting trustees after assigning all their right title and interest in the subject void mortgage (which was securitized into a closed trust in violation of New York Law).

206. The Defendants, and each of them, "made or used any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" in the acts incorporated herein.

207. The false documents, writings and statements were all material facts.

208. As an actual and proximate cause of the multiple violations of statute, Plaintiffs suffered damages under the statute as prayed below.

209. Wherefore Plaintiff prays for relief as follows:

//

210. **PRAYER FOR RELIEF**

211. Wherefore, Plaintiff prays for judgment against the Defendants and each of them, jointly and severally, as follows:

212. For a declaration of the rights and duties of the parties, specifically that the assignment of Deed of Trust on Plaintiff's residence was wrongful.

213. For compensatory damages according to proof, but in the event of default, three million dollars;

214. For exemplary and punitive damages in an amount according to proof, but in the event of default, nine million dollars.

215. For issuance of a judicial decree finding that the Trustee's Sale, if one occurs, is and was void and that Plaintiff is entitled to compensatory damages (three million in the event of default) and punitive damages (nine million in the event of default.

216. To void and vacate the Trustee's Deed, if any there be.

217. To vacate and set aside the fraudulent foreclosure, if any there be.

218. To Quiet title in favor of the Plaintiff and against all Defendants and all others who claim to have an interest of any kind, in fee simple absolute, in the subject property: THE LAND REFERRED TO HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES, DESCRIBED AS FOLLOWS:

LOT 297, OF TRACT NO. 7668, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 83 PAGE(S) 1 TO 3 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

A.P.N.: 4214-013-008.  See Exhibits 1-2.

219. To find in favor of Plaintiff and against all Defendants and to find that the foreclosure against the Plaintiff was void, fraudulent, and recorded in violation of statute, State and Federal law and vacate the following documents:

EXHIBIT 3 – DEED OF TRUST, RECORDED IN THE OFFICIAL RECORDS OF THE COUNTY OF LOS ANGELES, DOCUMENT NUMBER 04-2315302 ON SEPTEMBER 9TH, 2004.

EXHIBIT 4 -  is a Golden West Reconveyance, Document Number 05-3203718.

EXHIBIT 5 – DEED OF TRUST AND REQUEST FOR NOTICE OF DEFAULT recorded in the official records of Los Angeles County, Document 05-1583036 on July 6th, 2005.

EXHIBIT 6 is a Deed of Reconveyance recorded in the official records of Los Angeles County on December 30th, 2005, Record number 05-3238575.

EXHIBIT 7 is a deed of trust in favor of Mortgageit recorded in the official records of Los Angeles County on December 7th, 2005, record number 05-2991085.

1

2

3

4

Exhibit 8 is the Mers Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20070236103, on February 5th, 2007.

5

6

7

Exhibit 9 is the Mortgage Store Financial, Inc., Deed of Trust, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 06-2842065, on December 21st, 2006.

8

9

10

11

12

Exhibit 10 is an Assignment of Deed of Trust created and by California Reconveyance Company to Bank of America, NA as successor by merger to LaSalle Bank, NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-0C1 Trust in the 12/01/2006.

13

14

15

EXHIBIT 11 is a Substitution of Trustee and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20070236103, on February 5th, 2007.

16

17

18

19

EXHIBIT 12 is a fraudulent notice of default, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20091620620, on October 27th, 2009 recorded by the convicted California Reconveyance Company.

20

21

22

23

Exhibit 13 is a Notice of Trustee's Sale and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20100136998, on January 29th, 2010 recorded by the convicted California Reconveyance Company.

24

25

26

Exhibit 14 is a Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20101819203, on December 9th, 2010.

27

28

Exhibit 15 is a Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles

County, California, Document 20101819203 on December 9th, 2010 recorded by the convicted California Reconveyance Company.

EXHIBIT 16 is a Notice of Trustee's Sale, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20110178407 on February 2nd, 2011 recorded by the convicted California Reconveyance Company.

EXHIBIT 17 is a Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20120302504 on February 27th, 2012 recorded by the convicted California Reconveyance Company.

EXHIBIT 18 is a Corporate Assignment of Deed of Trust, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20120703205 on May 10th, 2012 recorded by the JPMorgan Chase Bank, who claimed originally to be a servicer, and in this document claims to be the successor in interest to the defunct Mortgage Store and purported successor, the Trust, and the void mortgage.

EXHIBIT 19 is a NOTICE OF TRUSTEE'S SALE, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20121675620 on November 5th, 2012 recorded by the same convicted California Reconveyance Company.

EXHIBIT 20 is a SUBSTITUTION OF TRUSTEE, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20150551613 on May 13th, 2015 recorded by Trustee Corps.

Exhibit 20 purports to claim that U.S. Bank National Association has substituted the trustee, but as seen in Exhibit 18, JPMorgan Chase claims to be the assignee of the subject mortgage, and therefore there is no authority to substitute trustees by the assignor, US Bank.

EXHIBIT 21 is a Trustee Corps Notice of Trustees sale, and recorded in the official records of Los Angeles County, California 20150609241 on May 26th, 2015.

EXHIBIT 22 is a Trustee Corps Notice of Trustees sale, and recorded in the official records of Los Angeles County, California 20151072190 on August 31st, 2015.

EXHIBIT 23 is an admission of fraud and a Notice of Rescission of Notice of Default and Election to Sell Under Deed of Trust, and recorded in the official records of Los Angeles County, California 20161343577 on October 31st, 2016.

EXHIBIT 24 is another fraudulent Substitution of Trustee and recorded in the official records of Los Angeles County, California 20181079618 on October 31st, 2016, this time designating National Default Servicing Corporation.

EXHIBIT 25 is a short form deed of trust and assignments of rents by CAA Inc and recorded in the official records of Los Angeles County, California 20101843661 on December 14th, 2010.

EXHIBIT 27 is the Lis Pendens Document 20130755532 recorded in the official records of Los Angeles County, California on May 20th, 2013.

EXHIBIT 29 is the Deed of Trust in favor of Limelite Reconveyance, recorded in the official records of Los Angeles County, California Document Number 20151189072, on September 24th, 2015.

EXHIBIT 32 is the Notice of Assessment, recorded in the official records of Los Angeles County, Document Number 20170535425, on May 15th, 2017.

EXHIBIT 33 is the Notice of Assessment, recorded in the official records of Los Angeles County, Document Number 20170535425, on May 15th, 2017.

180.  Pursuant to Business and Professions Code §17203, that all Defendants, their successors, agents, representatives, employees, and all persons who act in concert with them be ordered to pay the Plaintiff by committing any acts of unfair competition in violation of §17200, including, but not limited to, the violations alleged herein.

181.  For civil penalties pursuant to civil conspiracy, statute, restitution, injunctive relief and reasonable attorney's fees according to proof.

182.  For reasonable costs of suit and such other and further relief as the Court deems proper.

183.  That during the pendency of these proceedings, the court find that real property is unique, and the Plaintiff would suffer irreparable harm if the home were sold and therefore issue a preliminary injunction and permanent injunction prohibiting the Defendant or any other person or entity from listing the subject property for sale or selling the subject property.                    September 3, 2019

Heidi Lobstein

HEIDI M.  LOBSTEIN
Plaintiff In Pro Per
3852 McLaughlin Ave, Los Angeles, California 90066
310-902-4555 cell      Email: lobstein8@gmail.com

## Verification of Complaint

I, HEIDI M. LOBSTEIN , am the plaintiff in this action. I am familiar with the factual allegations in this complaint and TRO applications. Such facts are true as stated herein, except as to those matters which are based on my information and belief, and as to those matters, I believe them to be true.  I declare under penalty of perjury the foregoing is true. Signed in LOS ANGELES County, California, on

September 3, 2019

HEIDI M.  LOBSTEIN
3852 McLaughlin Ave
Los Angeles, California 90066
310-902-4555 cell
Email: lobstein8@gmail.com

Plaintiff In Pro Per