HEIDI M. LOBSTEIN
3852 MCLAUGHLIN AVENUE,
LOS ANGELES, CA 90066
phone: 310-439-1146
EMAIL: EMAIL: LOBSTEIN8@GMAIL.COM
Plaintiffs In Pro Per

**UNITED STATES DISTRICT COURT**
**FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

HEIDI M. LOBSTEIN , an individual,

PLAINTIFF,

vs.

WASHINGTON MUTUAL MORTGAGE
PASS-THROUGH CERTIFICATES WMALT
SERIES 2007-0C1, and Does 1 through 100,
inclusive.

DEFENDANTS.

Case No.:2:19-CV-07615-SVW-JPRx

**Hon. District Judge: Hon. Steven V. Wilson**

**Courtroom 10A**

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR (1) WRONGFUL FORECLOSURE; (2) VIOLATION OF CAL. CIV. CODE §2924; (3) DECLARATORY RELIEF (4) DECLARATORY RELIEF; (5) BREACH OF CONTRACT; (6) DECLARATORY RELIEF; (7) WRONGFUL FORECLOSURE; (9) CIVIL CONSPIRACY;**

Jury Trial Demanded

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Plaintiff hereby alleges FOR A FIRST AMENDED COMPLAINT AS FOLLOWS:

## PARTIES

1.    Plaintiff, HEIDI M. LOBSTEIN, resides at 3852 MCLAUGHLIN AVENUE, LOS ANGELES CA 90066, and at all relevant times, the address of the subject property, 3852 MCLAUGHLIN AVENUE, LOS ANGELES, CA 90066. The subject property is located within this same county.  The legal description for this Property is:

THE LAND REFERRED TO HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES, DESCRIBED AS FOLLOWS:

LOT 297, OF TRACT NO. 7668, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 83 PAGE(S) 1 TO 3 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

A.P.N.: 4214-013-008.  See Exhibits 1-2.

2.    Defendant WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1, is NOT registered with the California Secretary of State to do business in California and is NOT A REGISTERED TRUST, is not licensed to do business in this state and is doing business here unlawfully, and whose principal place of business is 1301 SECOND AVENUE, WMC 3501A SEATTLE WA 98101 (206) 500-4418 and is subject to the laws of Washington; AND whose closing date is January 25th, 2007[1], making any acquisition after that illegal, unenforceable and outside the terms of the offering, and therefore voids the subject mortgage on the grounds it separates the mortgage from the note and it is illegal to

---

[1] https://www.sec.gov/Archives/edgar/data/1317069/000127727707000043/fwptermsheetwamu07_oa1.pdf

securitize a note into an already closed trust. [2]

3.    Defendant WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1, and which entity is currently operating outside of the statutory guidelines and thus NOT a valid California Corporation, and cannot do business in this State and knowingly doing so in violation of California Corporations Code Section 2100, et. seq.

4.    Defendant WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1 is a "closed trust" whose principal place of business is 1301 SECOND AVENUE, WMC 3501A SEATTLE WA 98101 (206) 500-4418, and is subject to the laws of the State of Washington and the investors in said closed trust recovered money from two class actions of almost one hundred million dollars, and none of the funds recovered were ever credited to the Plaintiff's account, resulting in a double recovery for the Defendant, and the Defendant received double payment on a void mortgage.

5.    Plaintiff is informed and believes and based on such information and belief aver that each of the Defendants is contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for the acts and omissions

---

[2] Thus, it has designated, pursuant to 2104. Any foreign lending institution which has not qualified to do business in this state and which engages in any of the activities set forth in subdivision (d) of Section 191 shall be considered by such activities to have appointed the Secretary of State as its agent for service of process for any action arising out of any such activities, and, on or before June 30th of each year, shall file a statement showing the address to which any notice or process may be sent in the manner and with the effect provided in Section 2111.  See CORPORATIONS CODE SECTION 2100-2117.1.  Therefore, the two unregistered Defendants have elected to have the secretary of state accept service of process for them and a copy of the summons and complaint will be served by certified mail, return receipt requested, to the last known address of the Defendant, 452 FIFTH AVENUE NEW YORK NY 10018 212 525-8119.

described herein.

6.    Plaintiff is informed and believe and based on such information and belief aver that Defendants WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1,,   and "All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse To Plaintiff's Title, Or Any Cloud On Plaintiff's Title Thereto, are and at all material times have been, the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as averred herein.

7.    Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

## GENERAL ALLEGATIONS

## FACTS COMMON TO ALL CAUSES OF ACTION

8.    On 9/9/2004, Plaintiff purchased certain real property commonly known as (the "Subject Property"), located at 3852 MCLAUGHLIN AVENUE, LOS ANGELES, CA 90066, Document Number 04-2315301, recorded in the official records of Los Angeles County, California, Exhibit 1-2. The subject property is located within this same county.

9.    The address of the subject property, 3852 MCLAUGHLIN AVENUE, LOS ANGELES, CA 90066. The subject property is located within this same county.  The legal description for this Property is:

THE LAND REFERRED TO HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES, DESCRIBED AS FOLLOWS:

LOT 297, OF TRACT NO. 7668, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 83 PAGE(S) 1 TO 3 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

A.P.N.: 4214-013-008.  See Exhibits 1-2.

10.    EXHIBIT 3 – DEED OF TRUST, RECORDED IN THE OFFICIAL RECORDS OF THE COUNTY OF LOS ANGELES, DOCUMENT NUMBER 04-2315302 ON SEPTEMBER 9TH, 2004.

11.    Said loan is an infamous World Savings Deed of Trust which was part of the Pick a Payment fraud, and the court has already ruled that their mortgages are void as an illegal and illicit scheme and artifice to defraud borrowers.

12.    EXHIBIT 4 -  is a Golden West Reconveyance, Document Number 05-3203718.

13.    EXHIBIT 5 – DEED OF TRUST AND REQUEST FOR NOTICE OF DEFAULT recorded in the official records of Los Angeles County, Document 05-1583036 on July 6th, 2005.

14.    Said deed of trust purports to claim that Sunbelt Financial Services was the lender.

15.    A search of the public records shows that Sunbelt Financial Services was not only NOT the lender, but it did not exist at the time as a lawful corporation, was not a registered lender, and was doing business here unlawfully.

16.    Because the lender was not licensed to do business in this state, the purported loan and deed of trust is void ab initio as an illegal and unenforceable agreement.

17.    EXHIBIT 6 is a Deed of Reconveyance recorded in the official records of Los Angeles County on December 30th, 2005, Record number 05-3238575.

18.    EXHIBIT 7 is a deed of trust in favor of Mortgageit recorded in the official records of Los Angeles County on December 7th, 2005, record number 05-2991085.

19.    Mortgageit is a foreign corporation New York corporation.

20.    On May 3, 2011, a civil fraud lawsuit was filed by the United States against Deutsche Bank AG, DB Structured Products, Inc., Deutsche Bank Securities, Inc. (collectively "Deutsche Bank") and MORTGAGEIT, INC. ("MORTGAGEIT") seeking damages under the federal False Claims Act for repeated false certifications to U.S. Department of Housing and Urban Development ("HUD") in connection with the residential mortgage origination practices of MORTGAGEIT, a wholly-owned subsidiary of Deutsche Bank AG since 2007.

21.    The Complaints filed in Manhattan federal court alleged that between 1999 and 2009, MORTGAGEIT was a participant in the Direct Endorsement Lender Program ("DEL program"), which delegates authority to participating private lenders to endorse mortgages for Federal Housing Administration's ("FHA's") insurance.

22.    As a Direct Endorsement Lender, MORTGAGEIT had the authority to originate, underwrite, and endorse mortgages for FHA insurance.

23.    If a Direct Endorsement Lender approves a mortgage loan for FHA insurance and the loan later defaults, the holder of the loan may submit an insurance claim to HUD for the associated default costs, which HUD is obligated to pay.

24.    Under the DEL program, neither the FHA nor HUD reviews a loan before it is endorsed for FHA insurance.

25.    Direct Endorsement Lenders are required to follow program rules designed to ensure that they are properly underwriting and endorsing mortgages for FHA insurance.

26.    Inherent in that obligation is to maintain a quality control program that can prevent and correct any underwriting deficiencies.

27.    Such a quality control program must include a full review by the lender of all loans that go into default within the first six payments, known as "early payment defaults."

28.    *Early payment defaults* may be signs of problems in the underwriting process, and by reviewing early payment defaults, Direct Endorsement Lenders are able to monitor those problems, correct them, and report them to HUD

29.    The Complaint alleges that MORTGAGEIT failed to comply with the requirements of a quality control program.

30.    Further, since 1999, MORTGAGEIT endorsed over 39,000 mortgages for FHA insurance.

31.    During that same period, FHA paid in excess of $369 million in insurance claims on over 3,200 mortgages endorsed for FHA insurance by MORTGAGEIT (including more than $58 million in defaulted loans that occurred after Deutsche Bank AG's 2007 acquisition of MORTGAGEIT.

32.    The Complaint alleged that a portion of those losses was caused by the false statements that the defendants made to HUD to obtain FHA insurance on individual loans.

33.    MORTGAGEIT had knowingly falsely certified that each of these loans was eligible for FHA insurance – in large part because MORTGAGEIT failed to perform basic due diligence and repeatedly endorsed mortgage loans that were not eligible for FHA insurance.

34.    That the mortgage which is the subject of this action has been paid by the fraud perpetrated by Mortgageit and the FHA insurance has paid the amounts in full, and the FHA insurance which has no subrogation rights, and as an actual and proximate cause, the Defendant has been paid in full and has no standing to seek monetary damages from the Plaintiff.

35.    Exhibit 8 is the Mers Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20070236103, on February 5th, 2007.

36.    Exhibit 9 is the Mortgage Store Financial, Inc., Deed of Trust, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 06-2842065, on December 21st, 2006.

37.    The controller of Mortgage Store was convicted and the store closed in June of 2008 for floating checks and for charges that arose out of the operations of the business.

38.    That the mortgage was stemmed from the fraudulent operations of the business.

39.    That the mortgage itself is void as a result of being a part of a felonious scheme concocted by Amark Avalos, the controller.

40. Jason Rauschelbach and John York, the owners of The Mortgage Store, pleaded guilty earlier this year to related charges.

41. Rauschelbach is serving a 24-month prison sentence.

42. Exhibit 10 is an Assignment of Deed of Trust created and by California Reconveyance Company to Bank of America, NA as successor by merger to LaSalle Bank, NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-0C1 Trust in the 12/01/2006.

43. Said assignment is of a securitized instrument and as a result of it being securitized into a closed trust, the instrument was actually void and makes the mortgage which is the subject of this action void, See *Glaski v. Bank of America*, 218 Cal. App. 4th 1079 - Cal: Court of Appeal, 5th Appellate Dist. 2013: "Under New York Trust Law, every sale, conveyance or other act of the trustee in contravention of the trust is void. EPTL § 7-2.4. Therefore, the acceptance of the note and mortgage by the trustee after the date the trust closed, would be void." (**Wells Fargo Bank, N.A**. *v. Erobobo* (N.Y.Sup.Ct. 2013) 39 Misc.3d 1220(A) [2013 WL 1831799, p. *8]; see *Levitin & Twomey, Mortgage Servicing, supra*, 28 Yale J. on Reg. at p. 14, fn. 35 [under N.Y. law, any transfer to the trust in contravention of the trust documents is void].) Relying on Erobobo, a bankruptcy court recently concluded "that under New York law, assignment of the Saldivars' Note after the start up day is void ab initio. As such, none of the Saldivars' claims will be dismissed for lack of standing." (*In re Saldivar* (Bankr. S.D.Tex., June 5, 2013, No. 11-10689) 2013 WL 2452699, p. *4.)

44. EXHIBIT 11 is a Substitution of Trustee and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20091620619, on October 27, 2009.

45. Said document purports to have been executed by Deborah Brignac, vice president of Bank of America, National Association as successor by merger to LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-0C1 Trust by JPMorgan Chase Bank, National Association, as attorney in fact.

46. A search of the public records does not reveal any pre-recorded authority for Deborah Brignac to execute documents on behalf of Bank of America but instead revealed that

she was not employed as a vice president of Bank of America, but instead an employee of California Reconveyance Company who was convicted of being part of the Florida foreclosure mill, Albertelli Law, who acquired California Reconeyance Company, a California based trustee firm, from J.P. Morgan Chase Bank NA in December 2013. Albertelli has put Deborah Brignac, a notorious robosigner, in charge of running ALAW's west coast operations.  CRC wrongfully foreclosed on thousands of homes in California and Arizona using robosigned documents.

47. That the mortgage which the substitution is based is VOID as set forth above.

48. That EXHIBIT 12 is a fraudulent notice of default, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20091620620, on October 27th, 2009 recorded by the convicted California Reconveyance Company.

49. That Exhibit 13 is a Notice of Trustee's Sale and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20100136998, on January 29th, 2010 recorded by the convicted California Reconveyance Company.

50. Note that it too was signed by the forger, Deborah Brignac, as Vice President of Now California Reconveyance Company.

51. Attached to said notice is an affidavit from JP MORGAN CHASE BANK, NA, who is not listed on the void mortgage, but claims now to be the servicer for the Defendant.

52. Said notice falsely claims that the time frame did not apply, yet it was applicable, making the affirmation perjury.

53. Said affirmation was not signed, but simply had a typed name, in direct violation of code.

54.     Exhibit 14 is a Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20101819203, on December 9th, 2010.

55.     Exhibit 15 is a Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20101819203 on December 9th, 2010.

56.     Exhibit 15 is a Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20101819203 on December 9th, 2010 recorded by the convicted California Reconveyance Company.

57.     EXHIBIT 16 is a Notice of Trustee's Sale, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20110178407 on February 2nd, 2011 recorded by the convicted California Reconveyance Company.

58.     EXHIBIT 17 is a Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20120302504 on February 27th, 2012 recorded by the convicted California Reconveyance Company.

59.     EXHIBIT 18 is a Corporate Assignment of Deed of Trust, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20120703205 on May 10th, 2012 recorded by the JPMorgan Chase Bank, who claimed originally to be a servicer, and in this document claims to be the successor in interest to the defunct Mortgage Store and purported successor, the Trust, and the void mortgage.

60. Said document admits on its face that JPMorgan Chase is responsible for receiving payments and said document was prepared in Florida, County of Pinellas.

61. In Florida, it constitutes a felony to prepare for recording and recording in the official records a forged and / or false document.

62. Said document is a part of a forgery and thus is void and unenforceable under Florida Law.

63. That Osceola County completed an investigation of their recorded documents and found that JP Morgan Chase had violated multiple felonies when they prepared and recorded similar false documents.

64. That under the laws of the State of Florida, a power of attorney had to be recorded in the official records before any such preparation and signature of a document for recording in the official records, and a search of LaQuina Wilson Doaty evidences that no such authority exists.

65. That because the document is illegal in the state where it was created, it is VOID ab initio.

66. EXHIBIT 19 is a NOTICE OF TRUSTEE'S SALE, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20121675620 on November 5th, 2012 recorded by the same convicted California Reconveyance Company.

67. EXHIBIT 20 is a SUBSTITUTION OF TRUSTEE, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20150551613 on May 13th, 2015 recorded by Trustee Corps.

68. Said document is void as EXHIBIT 18 is a Corporate Assignment of Deed of Trust, document 20150551613, recorded in the official records of Los Angeles County on

May 13th, 2015 is a felony, perjury and a fraud perpetrated on the people, the Plaintiff and the Court.

69.    Exhibit 20 purports to claim that U.S. Bank National Association has substituted the trustee, but as seen in Exhibit 18, JPMorgan Chase claims to be the assignee of the subject mortgage, and therefore there is no authority to substitute trustees by the assignor, US Bank.

70.    This is slander on the Plaintiffs title and a conspiracy exists between Defendant WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1 and JP Morgan Chase Bank, NA who both apparently believe that felonies are still acceptable in this state.

71.    That said document was created in Florida, where it constitutes a felony to prepare for recording and record in the official records a fraudulent document such as Exhibit 20.

72.    EXHIBIT 21 is a Trustee Corps Notice of Trustees sale, and recorded in the official records of Los Angeles County, California 20150609241 on May 26th, 2015.

73.    That Exhibit is a fraudulent document as they claim to be selling the property to enforce a void mortgage, which was transferred into a closed trust by an entity that has no standing to do so.

74.    EXHIBIT 22 is a Trustee Corps Notice of Trustees sale, and recorded in the official records of Los Angeles County, California 20151072190 on August 31st, 2015.

75.    That Exhibit 22 is a fraudulent document as they claim to be selling the property to enforce a void mortgage, which was transferred into a closed trust by an entity that has no standing to do so.

76. EXHIBIT 23 is an admission of fraud and a Notice of Rescission of Notice of Default and Election to Sell Under Deed of Trust, and recorded in the official records of Los Angeles County, California 20161343577 on October 31st, 2016.

77. EXHIBIT 24 is another fraudulent Substitution of Trustee and recorded in the official records of Los Angeles County, California 20181079618 on October 31st, 2016, this time designating National Default Servicing Corporation.

78. Multiple lawsuits have been brought and been successful against National Default Servicing Corporation, including a Nevada class action to disgorge them of all profits, which is similar to the conduct committed against the Plaintiff herein, but Plaintiff was not a party to that class action since it was for Nevada Residents.

79. Again, fraudulently, the claimed beneficiary in the fraudulently recorded document, contrary to the claims of JPMorgan Chase Bank, NA (Exhibit 18), is in favor of US Bank.

80. EXHIBIT 25 is a short form deed of trust and assignments of rents by CAA Inc and recorded in the official records of Los Angeles County, California 20101843661 on December 14th, 2010.

81. A search of the public records shows that it had a Registration Date 03/11/1991 and was suspended from doing business by the FTB and therefore the deed of trust was void ab initio as they were barred from doing business in this state pursuant to order by the FTB.

82. EXHIBIT 26 is a grant deed from Heidi Lobstein to the McLaughlin Revocable Living Trust Dated November 17th, 2010.

83. EXHIBIT 27 is the Lis Pendens Document 20130755532 recorded in the official records of Los Angeles County, California on May 20th, 2013.

84. EXHIBIT 28 is the Grant Deed in favor of Bayline Holding for 70% and Levitical Holdings LLC, a Nevada Corporation of 30%.

85. EXHIBIT 29 is the Deed of Trust in favor of Limelite Reconveyance, recorded in the official records of Los Angeles County, California Document Number 20151189072, on September 24th, 2015.

86. EXHIBIT 30 is the Order Granting Relief from the Automatic Stay, recorded in the official records of Los Angeles County, California Document Number 20160301626, on March 18, 2016.

87. EXHIBIT 31 is the GRANT DEED from Bayline Holding and Levitical Holding to Heidi M. Lobstein, recorded in the official records of Los Angeles County, on April 5th, 2016, document number 20160371581.

88. EXHIBIT 32 is the Notice of Assessment, recorded in the official records of Los Angeles County, Document Number 20170535425, on May 15th, 2017.

89. EXHIBIT 33 is the Notice of Assessment, recorded in the official records of Los Angeles County, Document Number 20170535425, on May 15th, 2017.

90. The plaintiff falls within the class of borrowers who can challenge a trustee's sale. (*Robinson v. Countrywide Home Loans, Inc.* (2011) 199 Cal.App.4th 42; Gomes v. Countrywide Home Loans, Inc. (2011) 192 Cal.App.4th 1149.

91. The borrower may seek to set aside the trustee's sale for irregularities that are prejudicial. (See *Angell v. Superior Court* (1999) 73 Cal.App.4th 691, 700 [person challenging sale must show that the failure to comply with procedural requirements for a foreclosure sale caused prejudice].)

92. The appointment of the trustee / substitution of trustee was void as a result of being executed without actual authority to do so and there exists a serious break in the chain

of assignments where Chase claims to be the successor by assignment, but then the US Bank as Trustee continued to act as owner, and recorded a chain of fraudulent substitutions of trustees without authority to do so.

93.   The process of recording the notice of default after substitution of trustee is not only a violation of the civil code and non-judicial foreclosure process, but also grounds entitling the Plaintiff for monetary relief, compensatory damages of one million dollars, and exemplary damages of three times the amount in the sum of three million dollars in the event of default.

94.   This defect constitutes a void foreclosure and the court can either set-aside and vacate the foreclosure, or, in this instance, award monetary compensation to the Plaintiff based on the fair market value of the property of three million dollars, and treble those damages, or nine million dollars in the event of default.

95.   As stated above, the trust was closed at the time, and a violation of the agreement that the lender cannot acquire assets after the trust was closed; and especially falsely claimed they possessed the original note and deed of trust when they did not.

96.   The entire assignment of deed of trust is a sham, recorded in the official records is a felonious series of actions which almost led to the entire collapse of the country's financial institutions.

97.   It is a clear act of felonious intent to record false documents in the official records; steal the Plaintiffs equity in his home to profit by fraudulently imposing trumped up charges on Plaintiff's account.

98.   All the criminal activity, the felonious documents, the fraudulent execution of documents, the falsely imposed charges, all were done for the purpose of selling the Plaintiff's homestead home and stealing her equity.

99.   The criminal and void mortgages and recorded documents were intended to cause and did cause the Plaintiff to suffer severe emotional distress.

100.  Even the notice of sale seeks to impose interest, late charges and other fees which were neither due nor owing.

101.  The Defendant's agent and did the conduct complained of, including the recording and notice to the plaintiff for the purpose and was known to cause, was intended to cause, and did actually and proximately cause the Plaintiff to suffer severe emotional distress, upset, aggravation, loss of sleep, and personal injury.

102.  Said conduct of the employees and participation in their recordation of the fraudulent document in bank records and in the public records is a felony and fraud.

103.  The fraudulent Assignment of Deed of Trust, held by a Corporation which is operating ulta vires, was recorded using means of interstate commerce (the US or other public mail system); recorded in the official records of LOS ANGELES County; and the information contained thereon was recorded in the bank records of Defendant, in violation of Statutes, including, but not limited to: 15 U.S.C. § 1692 ET. SEQ.; MAIL AND WIRE FRAUD 18 U.S.C., SECTIONS 1341, 1343; BANK FRAUD 18 U.S.C. 1341, 1344; 18 U.S.C. § 1001; 18 U.S.C. § 1005; and 12 C.F.R. §202.16, among others.

104.  Because the true lender was not a party to the fraudulent foreclosure, then no payment has been made to any of the Defendants within the past five years, and thus their right to recover is barred by the CALIFORNIA Statute of Limitations, California Code of Civil Procedure § 321.

105.  Defendants, and each of them, have slandered the title of the Plaintiff, harming her creditworthiness, and destroyed her borrowing power on the property without having any interest thereon.

106.    That as a result, the notes secured by the mortgages, the mortgages, assignments, and judgment are all fraudulent and void ab initio as a part of a scheme or plan to defraud the Plaintiff and others similarly situated as a regular scheme for which the OCC has sanctioned and punished the Defendant, and as a result of all the allegations contained herein in this suit, the notes secured by the mortgages, the mortgages and the assignments thereon all must be stricken as fraudulent and void ab initio.

107.    That "Plaintiff has standing to challenge the void substitution of trustee. If a substitution of trustee is fraudulent, then a nonjudicial foreclosure sale based on that substitution is void. See *Pro Value Props., Inc. v. Quality Loan Serv. Corp*., 170 Cal. App. 4th 579, 583 (2009) (failure to comply with CAL. CIV. CODE § 2934a(a)(1) renders subsequent nonjudicial foreclosure sale void); *Miller v. Wells Fargo Bank*, No. C-12-2282 EMC, 2012 WL 1945498, at *2, 4 (N.D. Cal. May 30, 2012) (Chen, J.) (granting preliminary injunction preventing foreclosure sale because the plaintiff was likely to prevail on claim that foreclosure was improper due to fraudulent substitution of trustee); *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079, 1100 (2013) (foreclosure sale is void if the foreclosing entity lacked the authority to foreclose on the property)..

108.    The conduct of the Defendants, and each of them, also violates Civil Code Section 2924, 2934, and 2932.5 and California Penal Code Section 115 that says it is a felony to record a false document that affects the title to residential properties of not more than four units.

109.    California Penal Code Section 470(a) – (c) makes the conduct of the Defendants, and each of them, illegal, and void as fraud and forgery.

110.    Plaintiff further refers to herein, and incorporates by reference, Exhibits 1- 33, inclusive, clearly showing the Defendants, and each of them, knew their conduct was fraudulent, by their act of Concealment of Assets and multiple violations of Federal and State Laws.

111.    Said recording of the fraudulent assignment of a Deed of Trust, constitutes separate violations of the same statutes, both State and Federal, as set forth above, and deprives the Plaintiff of his US and California Constitutional Due Process rights, by depriving him of his property unlawfully without the due process of law and the Equal Protection of the Law.

112.    Because Defendant's fraudulent execution of the Substitution of Trustee; and their knowledge of their fraud by their act of rescinding the first Notice of Default; clearly deprives them of any statutory protection provided to a valid Trustee.

113.    The Defendants, and each of them, co-conspired to commit fraud upon the Plaintiff and other homeowners similarly situated.

114.    The Defendants, and each of them, have committed a pattern of mortgage fraud and other related acts wrongfully committed by the Defendants, and each of them, and established a pattern of wrongful behavior, a criminal conspiracy and joint venture between the defendants and each of them and their lawyers, to harm the Plaintiff and others similarly situated.

115.    The Defendants, and each of them, showed a pattern and practice sufficient to warrant Plaintiffs' claims for Civil Conspiracy against Defendants, and each of them, jointly and severally, for the violations as pled herein.

116.   Defendants knew that the conduct complained of herein was fraudulent, and benefitted and attempted to benefit financially therefrom to the economic and emotional detriment of the Plaintiff.

117.   That, after their fraudulent conduct, it was mailed by means of the US Mail or other means of interstate commerce and mail services, to deliver the fraudulent document to be recorded with the Official Records of the this County.

118.   That the fraudulent documents were mailed across state lines, using means of interstate commerce, in furtherance of conspiracy of the Defendants, and each of them.

119.   That, when the Defendants and each of them, knowing that the documents, or reasonably should have known the documents were in willful violation of the law and recorded the forged documents with the County, the Defendants, and each of them, acted to further the conspiracy with each of the other Defendants, and furthered the Defendant and each of their violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §  1692 et. seq.;

120.   That, when Defendants with the knowledge that the documents, or reasonably should have known the documents were fraudulent and forgeries, they willfully and volitionally violated the Racketeering, Conspiracy to Engage in a Pattern of Racketeering Activity, (RICO) 18 U.S.C. 1961 et seq.;

121.   That, as a result of that higher fiduciary duty standard, special skill and training, when Defendants, and each of them, presented for recording to the County Recorder documents which they knew were fraudulent; they, as a fiduciary, had the special skill, or should have had the special skill and knowledge, to know that the document presented to record were, in fact, fraudulent; and in so doing knew they would be breaching the special fiduciary duties owed the Plaintiff.

122. That, when Defendants, and each of them, with the knowledge that the documents and bank entries, or reasonably should have known the documents and bank entries were fraudulent; the defendants and each of them committed, and acted to further the conspiracy with the other Defendants, in violations of the 18 U.S.C. 1964, (Civil Rico Remedies), a predicate act for Civil Conspiracy.

123. That, when Defendants, knowing that the documents and bank entries were fraudulent, they committed acts, and acted to further the conspiracy with the other Defendants, in their violations of the Mail and Wire Fraud 18 U.S.C., sections 1341, 1343.

124. That, when the Defendants, and each of them, knowing that the documents and bank entries, or reasonably should have known the documents and bank entries were fraudulent, and willfully and volitionally entered false information in bank records, and thus actually and proximately committed acts to further the conspiracy with the remaining Defendants, in their violations of the bank fraud statutes, 18 U.S.C. 1341, 1344.

125. That violation of 18 USC 1341 and 1344, 18 U.S.C. § 1001 and 1005 constitute the underlying crime for the civil conspiracy claim in this complaint.

126. That, when the Defendants, and each of them, knowing that the documents, or reasonably should have known the documents and fraudulent bank entries willfully and volitionally committed, and acted to further the conspiracy with the remaining Defendants, to assist them in their violations of the Statute 18 U.S.C. § 1001;

127. That, when Defendants, and each of them, knowing that the documents and bank entries, or reasonably should have known the documents were forgeries, fraudulently executed and fraudulently notarized, willfully and volitionally entered false

information in the bank records and furthered their violations of the Statute 18 U.S.C. § 1005.

128. At various times and places partially enumerated in Plaintiffs' documentary material, all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a Criminal Enterprise of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b) as a predicate act for Civil Conspiracy.

129. Defendant WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1, committed acts of predatory lending in violation of state and federal banking laws, entitling the Plaintiff to an order striking the recorded documents, Exhibits 2-33, inclusive.

130. All entitling the Plaintiff to monetary damages of three million dollars and treble damages of nine million dollars.

**FIRST CAUSE OF ACTION FOR**
**WRONGFUL FORECLOSURE**
**(AGAINST ALL DEFENDANTS)**
**(MONETARY DAMAGES AND EMOTIONAL DISTRESS DAMAGES)**

131. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 1-130, inclusive, as though fully set forth herein.

132. Based upon the Exhibits 2-33, inclusive, and allegations incorporated herein, the conduct of the Defendants clearly show the transfer process taken by the Defendants, and each of them, are wholly invalid; done without proper authority; and the Trustee's substitution and sale of the Plaintiff's Property by the fraudulently appointed Trustee, in violation of the statutes which are strictly construed governing the non-judicial foreclosure process, where the Plaintiff is not currently authorized to conduct business

in the State of California makes the future sale invalid, unauthorized, based on forged and illegal Substitution of Trustee, forged and illegal assignments, all of which make them simply void ab initio.

133.     "Plaintiff has standing to challenge the void substitution of trustee. If a substitution of trustee is fraudulent, then a nonjudicial foreclosure sale based on that substitution is void. See *Pro Value Props., Inc. v. Quality Loan Serv. Corp.*, 170 Cal. App. 4th 579, 583 (2009) (failure to comply with CAL. CIV. CODE § 2934a(a)(1) renders subsequent nonjudicial foreclosure sale void); Miller v. Wells Fargo Bank, No. C-12-2282 EMC, 2012 WL 1945498, at *2, 4 (N.D. Cal. May 30, 2012) (Chen, J.) (granting preliminary injunction preventing foreclosure sale because the plaintiff was likely to prevail on claim that foreclosure was improper due to fraudulent substitution of trustee); *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079, 1100 (2013) (foreclosure sale is void if the foreclosing entity lacked the authority to foreclose on the property).

134.     The Defendant has separated the note from the mortgage making the mortgage a nullity.  "It is indisputable that a note cannot be separated from the mortgage, and in so doing, the mortgage is a nullity." *Carpenter v. Longan*, 83 U.S. 16 Wall. 271 271 (1872).

135.     Thus, the Trustee's sale of the subject property was void and without actual authority to do so; the subject deed of trust, should be stricken as void ab initio. *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079, 1100 (2013)

136.   Because Defendant WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1,'s fraudulent execution of the Substitution of Trustee; execution of a fraudulent assignment of Deed of Trust, and

their knowledge of their fraud by their act of rescinding the first Notice of Default; clearly deprives them of any statutory protection provided to a valid Trustee, shows that they, as an unauthorized Trustee cannot even assert a claim of good faith in dealing with persons who apparently held legal title.

137.   Even if they tried, it is not in itself sufficient basis for relief[3].

138.   Defendant WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1, was not the lawful trustee and no authority to act on behalf of the beneficiary when unauthorized, forged and illegal Substitution of Trustee and fraudulent assignment of mortgage, were filed and recorded with the County Recorder, which purported to give Defendant itself fraudulent authority and therefore, it was unauthorized to initiate and attempt to carry out the foreclosure sale of the Subject Property and NOT entitled to ANY statutory protection which can be asserted by a Trustee as provided under Section 2924(b).

139.   The Defendants, and each of them, knew, or reasonably should have known that by institution of a fraudulent foreclosure, slander of title, filing false documents in the official records of this county (a FELONY) as alleged herein, the Plaintiff would suffer severe emotional distress[4], aggravation, upset, trauma, loss of sleep, and

---

[3] *6 Angles, Inc. v. Stuart-Wright Mortgage, Inc*. (2001), 85 Cal. App. 4th 1279 at 1285 where the Court stated: "it is the general rule that courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." Therefore, a forged "robo-signed" signature as shown in Exhibits 2-16 attached hereto, the Court in the instant case should be inclined to permanently stay and vacate the foreclosure documents of the Subject Property. Additionally, in *Bank of America v. La Jolla Group II* (2005)129 Cal.App.4th 706 , 28 Cal.Rptr.3d 825, the California Court of Appeals held that if a trustee is not contractually empowered under a deed of trust to hold a sale, it is totally void. See also *Trout v. Trout,* (1934), 200 Cal. 652 at 656. Glaski v. Bank of Am., Nat'l Ass'n, 218 Cal. App. 4th 1079, 1100 (2013)

[4] "Though there is a split in authority in the Northern District as to whether emotional distress satisfies RESPA's "actual damages" requirement, the court finds the cases accepting emotional distress as a form of actual damages more persuasive. *Phillips v. Bank of Am.*

manifestations of the emotional distress caused by the fraudulent recording of forged documents with the intent to foreclose without standing to do so.

140.  That, as an actual and proximate cause of the conduct of the Defendants, and each of them, as alleged herein, including, but not limited to, recording false documents in the official records; securitizing a mortgage into a closed trust, thereby making it void, and then attempting to collect money based on the void mortgage; slander of title; separating the note from the mortgage, voiding it (*Carpenter v. Longan*, *Ibid*.), and then attempting to collect money on a void mortgage; all constitutes a wrongful attempt to collect a void obligation in violation of the FDCPA; the CDCPA; the

141.  That in the event the court permits a foreclosure sale, it will be wrongful and the Plaintiff has already suffered, and will suffer severe emotional distress that was actually and proximately caused by the wrongful conduct of the Defendants, and each of them, and their and employees.

142.  Wherefore the Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA
## CIVIL CODE SECTION 2924
### (AGAINST DEFENDANT NATIONAL DEFAULT SERVICING)

143.  Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through

---

*Corp*., No. 5:10-cv-04561 EJD, 2011 WL 4844274 (N.D. Cal. Oct. 11, 2011) (explaining that the Ninth Circuit has not decided this issue and that district courts are split); *see Houston v. U.S. Bank Home Mortg. Wisconsin Servicing*, 505 F. App'x 543, 548 n.6 (6th Cir. 2012) ("We find nothing in the text of § 2605(f), or in RESPA more broadly, to preclude 'actual damages' from including emotional damages, provided that they are adequately proven."); *McLean v. GMAC Mortg. Corp*., 398 F. App'x 467, 471 (11th Cir. 2010) (suggesting that emotional distress satisfies the actual damages requirement, as long as the party proves causation)."*Vethody v. Nat'l Default Servicing Corp.*, Case No. 16-cv-04713-HRL, 4 n.1 (N.D. Cal. Aug. 4, 2017)

142, inclusive, as though fully set forth herein.

144.  Because of the foregoing, the Defendant, NATIONAL DEFAULT SERVICING, is not entitled to any protection provided by California Civil §2924.

145.  Plaintiff respectfully requests that the court declare that NATIONAL DEFAULT SERVICING, is Not a VALIDLY APPOINTED Trustee; is NOT authorized to Do business in the State of California; has withdrawn their agent for service of process; fraudulently executed and recorded false documents, including Exhibits 2-33, inclusive; and

146.  An Order finding that Exhibits 2-33 void ab initio; fraudulent; and stricken.

147.  That the Plaintiff is entitled to compensatory damages as a result against the Defendants, and each of them, in the sum of one million dollars, and treble that for three million dollars in the event of default.

148.  Wherefore Plaintiff Prays for Relief as Set Forth Below:

**THIRD CAUSE OF ACTION**
**DECLARATORY RELIEF**
**(AGAINST ALL DEFENDANTS)**

149.  Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 147, inclusive, as though fully set forth herein.

150.  The Defendant did not have the legal authority to foreclose, i.e., the authority to exercise the power of sale as an assignee of Deed of Trust, because the Foreclosing Defendants' interest was never acknowledged and recorded in violation of 12 U.S.C. Section 2605(k), which requires that loan servicers comply with regulations passed by the Bureau of Consumer Financial Protection, and 12 C.F.R. Section 1024.40(b), which requires that servicers maintain policies and procedures to ensure they can provide borrowers with accurate information regarding loan modification applications.

151.   What's more, is that violation of the statute is codified in California Evidence Code Section 669. Hutchins v. Nationstar Mortg. LLC, No. 16-cv-7067-PJH, 2017 WL 2021363, *3 (N.D. Cal. May 12, 2017).

152.   Section 669 establishes a presumption of negligence if (1) a person has violated a statute or regulation, (2) the violation harmed a person or property, (3) the injury is of the sort the statute or regulation was intended to prevent, and (4) the person harmed belonged to the class of persons the statute or regulation was designed to protect. Cal. Evid. Code § 669.

153.   The presumption of negligence created by Section 669, however, "concerns the standard of care, rather than the duty of care." Rice v. Center Point, Inc., 154 Cal. App. 4th 949, 958 (2007) (quoting Rosales v. City of Los Angeles, 82 Cal. App. 4th 419, 430 (2000)) and Defendant as a trustee has fallen below the standard of care, as it knows, or reasonably should have known, that it was not validly appointed and was seeking to enforce a void deed of trust by means of a non-judicial sale; and knows or reasonably should have known, that it was not validly appointed, as the appointment came from the entity holding the void deed of trust.

154.   The Defendant is also guilty of violating federal statutes which prohibit the use of mail and wire to transmit false documents.

155.   Here, the documents which were mailed include the monthly statements demanding payment that have been generated; and the recorded substitution of a trustee after the subject mortgage was voided by being securitized into a closed trust and after it was separated from the note.

156.   The other statutes upon which this claim is based includes 15 U.S.C. § 1692 ET. SEQ.; MAIL AND WIRE FRAUD 18 U.S.C., SECTIONS 1341, 1343; BANK FRAUD 18

U.S.C. 1341, 1344; 18 U.S.C. § 1001; 18 U.S.C. § 1005;  12 C.F.R. §202.16, among other California Criminal and Civil Codes as incorporated herein.

157.    A non-judicial foreclosure sale therefore would only be conducted in violation of state and federal law, and any sale would be void ab initio and pursuant to the Government Save Your Home Programs, the Consent Orders and the Independent Foreclosure Review, Plaintiff is entitled to compensatory damages of the fair market value of the property and treble damages for exemplary damages in the event of default.

158.    Moreover, the Defendant never had legal authority to foreclose because the instrument (Deed of Trust), which permitted foreclosure if the borrower was in default, is void as it was improperly assigned and/or transferred to the Defendants through forged and improperly notarized and unauthorized executed documents.

159.    Therefore, the Deed of Trust could not provide a basis for a foreclosure, and the non-judicial foreclosure would be fraudulent and void ab initio.

160.    The Plaintiff was the victim of the scheme created by the Defendant trust to award the servicer for imposing fraudulent charges, fraudulent inspection fees, and putting him through the fraudulent foreclosure.

161.    Accordingly, Plaintiff hereby is entitled to a declaration that the Trustee was not authorized to act; there was no valid Trustee, the Trustee was barred from ever scheduling or, in the event a sale is not stayed, never had authority to hold a Sale and find that any sale that occurs thereunder is fraudulent and therefore void ab initio.

162.    Wherefore the Plaintiff Prays For Relief As Set Forth Below.

**FOURTH CAUSE OF ACTION**
**DECLARATORY RELIEF**
**TO VOID OR CANCEL SUBSTITUTION OF TRUSTEE AND NOTICE OF DEFAULTS**
**(AGAINST ALL DEFENDANTS)**

163.   Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 162, inclusive, as though fully set forth herein.

164.   Ordinarily a suit to set aside and cancel a void instrument is governed by Sec. 343 of the [California] Code of Civil Procedure." Zakaessian v. Zakaessian, 70 Cal. App. 2d 721, 725 (1945).

165.   Section 343 of the California Code of Civil Procedure requires a plaintiff to bring suit within four years from the date the cause of action accrues (October 31st, 2016 as evidenced by EXHIBIT 23 is an admission of fraud and a Notice of Rescission of Notice of Default and Election to Sell Under Deed of Trust, and recorded in the official records of Los Angeles County, California 20161343577 on October 31st, 2016.).

166.   The Substitution of Trustee and all Notice of Defaults are therefore invalid, void ab initio, and of no force and effect, for the reasons set forth above.

167.   The Defendant did not have the legal authority to foreclose, i.e., the authority to exercise the power of sale as an assignee of Deed of Trust, because the Foreclosing Defendants' interest was never acknowledged and recorded in violation of 12 U.S.C. Section 2605(k), which requires that loan servicers comply with regulations passed by the Bureau of Consumer Financial Protection, and 12 C.F.R. Section 1024.40(b), which requires that servicers maintain policies and procedures to ensure they can provide borrowers with accurate information regarding loan modification applications.

168.   What's more, is that violation of the statute is codified in California Evidence Code Section 669. Hutchins v. Nationstar Mortg. LLC, No. 16-cv-7067-PJH, 2017 WL 2021363, *3 (N.D. Cal. May 12, 2017).

169.   Section 669 establishes a presumption of negligence if (1) a person has violated a statute or regulation, (2) the violation harmed a person or property, (3) the injury is of

the sort the statute or regulation was intended to prevent, and (4) the person harmed belonged to the class of persons the statute or regulation was designed to protect. Cal. Evid. Code § 669.

170. The presumption of negligence created by Section 669, however, "concerns the standard of care, rather than the duty of care." Rice v. Center Point, Inc., 154 Cal. App. 4th 949, 958 (2007) (quoting Rosales v. City of Los Angeles, 82 Cal. App. 4th 419, 430 (2000)) and Defendant as a trustee has fallen below the standard of care, as it knows, or reasonably should have known, that it was not validly appointed and was seeking to enforce a void deed of trust by means of a non-judicial sale; and knows or reasonably should have known, that it was not validly appointed, as the appointment came from the entity holding the void deed of trust.

171. The Defendant is also guilty of violating federal statutes which prohibit the use of mail and wire to transmit false documents.

172. Here, the documents which were mailed include the monthly statements demanding payment that have been generated; and the recorded substitution of a trustee after the subject mortgage was voided by being securitized into a closed trust and after it was separated from the note.

173. The other statutes upon which this claim is based includes 15 U.S.C. § 1692 ET. SEQ.; MAIL AND WIRE FRAUD 18 U.S.C., SECTIONS 1341, 1343; BANK FRAUD 18 U.S.C. 1341, 1344; 18 U.S.C. § 1001; 18 U.S.C. § 1005; 12 C.F.R. §202.16, among other California Criminal and Civil Codes as incorporated herein.

174. A non-judicial foreclosure sale therefore would only be conducted in violation of state and federal law, and any sale would be void ab initio and pursuant to the Government Save Your Home Programs, the Consent Orders and the Independent Foreclosure

Review, Plaintiff is entitled to compensatory damages of the fair market value of the property and treble damages for exemplary damages in the event of default.

175. Moreover, the Defendant never had legal authority to foreclose because the instrument (Deed of Trust), which permitted foreclosure if the borrower was in default, is void as it was improperly assigned and/or transferred to the Defendants through forged and improperly notarized and unauthorized executed documents.

176. Therefore, the Deed of Trust could not provide a basis for a foreclosure, and the non-judicial foreclosure would be fraudulent and void ab initio.

177. The Plaintiff was the victim of the scheme created by the Defendant trust to award the servicer for imposing fraudulent charges, fraudulent inspection fees, and putting him through the fraudulent foreclosure.

178. Accordingly, Plaintiff hereby is entitled to a declaration that the Exhibit 2-33 be stricken, the Deed of Trust be deemed void ab initio and cancelling such Deed, if the court finds that there was not a bona fide purchaser for value, then quieting title in favor of the Plaintiff, but in the event there was a bona fide purchaser for value, the court instead award the Plaintiff one million dollars for compensatory damages and three times that amount for exemplary damages.

179. Wherefore Plaintiff Prays for Relief as Set Forth Below.

### FIFTH CAUSE OF ACTION FOR
### BREACH OF CONTRACT1
### (AGAINST THE FORECLOSING DEFENDANTS)

180. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 179, inclusive, as though fully set forth herein.

181. A mortgage is a contract pursuant to California Civil Code section 2920(a).

182. The breach occurred EXHIBIT 23 is an admission of fraud and a Notice of Rescission

---

of Notice of Default and Election to Sell Under Deed of Trust, and recorded in the official records of Los Angeles County, California 20161343577 on October 31st, 2016 when the he Defendant did not have the legal authority to foreclose, i.e., the authority to exercise the power of sale as an assignee of Deed of Trust, because the Foreclosing Defendants' interest was never acknowledged and recorded in violation of 12 U.S.C. Section 2605(k), which requires that loan servicers comply with regulations passed by the Bureau of Consumer Financial Protection, and 12 C.F.R. Section 1024.40(b), which requires that servicers maintain policies and procedures to ensure they can provide borrowers with accurate information regarding loan modification applications.

183.    What's more, the breach occurred as a result of the violation of the statute that is codified in California Evidence Code Section 669. Hutchins v. Nationstar Mortg. LLC, No. 16-cv-7067-PJH, 2017 WL 2021363, *3 (N.D. Cal. May 12, 2017).

184.    The breach also occurred when the Defendant as a trustee has fallen below the standard of care, as it knows, or reasonably should have known, that it was not validly appointed and was seeking to enforce a void deed of trust by means of a non-judicial sale; and knows or reasonably should have known, that it was not validly appointed, as the appointment came from the entity holding the void deed of trust.

185.    The Defendant is also guilty of violating federal statutes which prohibit the use of mail and wire to transmit false documents.

186.    The breach also occurred when the Defendant securitized the note into a closed trust, and in so doing, voided the mortgage.

187.    That the breach also occurred when the Defendant separated the note from the mortgage, voiding the mortgage.

188.  Here, the documents which were mailed include the monthly statements demanding payment that have been generated; and the recorded substitution of a trustee after the subject mortgage was voided by being securitized into a closed trust and after it was separated from the note.

189.  The other statutes upon which this claim is based includes 15 U.S.C. § 1692 ET. SEQ.; MAIL AND WIRE FRAUD 18 U.S.C., SECTIONS 1341, 1343; BANK FRAUD 18 U.S.C. 1341, 1344; 18 U.S.C. § 1001; 18 U.S.C. § 1005;  12 C.F.R. §202.16, among other California Criminal and Civil Codes as incorporated herein.

190.  A non-judicial foreclosure sale therefore would only be conducted in violation of state and federal law, and any sale would be void ab initio and pursuant to the Government Save Your Home Programs, the Consent Orders and the Independent Foreclosure Review, Plaintiff is entitled to compensatory damages of the fair market value of the property and treble damages for exemplary damages in the event of default.

191.  Moreover, the Defendant never had legal authority to foreclose because the instrument (Deed of Trust), which permitted foreclosure if the borrower was in default, is void as it was improperly assigned and/or transferred to the Defendants through forged and improperly notarized and unauthorized executed documents.

192.  Therefore, the Deed of Trust could not provide a basis for a foreclosure, and the non-judicial foreclosure would be fraudulent and void ab initio.

193.  The Plaintiff was the victim of the scheme created by the Defendant trust to award the servicer for imposing fraudulent charges, fraudulent inspection fees, and putting him through the fraudulent foreclosure.

194.  As an actual and proximate cause of the foregoing, the mortgage which is used to secure the property is breached by the Defendants, and each of their, conduct

complained of herein and Plaintiff has suffered monetary damages, in addition to legal fees, the Plaintiff has suffered loss of equity in the property; slander of title devaluing the property; harm to her credit; harm to her ability to market and or sell the property; emotional distress, and irreparable harm to the permanent value of the property, having the slander of a foreclosure on the record of the property, forever devaluing its worth, unless and until the slanderous documents are removed.

195.   That as an actual and proximate cause of said breach, the Plaintiff suffered damages in an amount according to proof or three million dollars, and exemplary damages of nine million dollars in the event of default;

196.   That as an actual and proximate cause of said breach, the Plaintiff is entitled to declaratory relief finding that the Mortgage (security instrument) has been breached by the Defendants, and each of them, and are thus void ab initio on the basis of fraud and thus an order should issue finding the mortgage contract deemed void and no longer enforceable.

197.   Therefore, the Defendants were bound to act in accordance with California law when initiating and consummating the foreclosure sale of the Subject Property.

198.   Specifically, the Defendants were bound to obey and conform their actions to California Civil Code Section 2934, which they clearly have not done in the instant case.

199.   As a direct and proximate cause of Defendants' breach of contract, Plaintiff has suffered damages in an amount to be proven at trial, but in the event of default, one million dollars in compensatory damages and three million dollars for exemplary damages.

200.   Wherefore Plaintiff prays for relief as set forth below:

**SIXTH CAUSE OF ACTION FOR**
**DECLARATORY RELIEF UNDER**
**CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200 ET**
**SEQ.**
**(AGAINST ALL DEFENDANTS)**

201.  Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 200, inclusive, as though fully set forth herein.

202.  California's Unfair Competition Statute, California Business & Professions Code Section 17200, et seq., prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . ." and conduct which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

203.  Plaintiff securitized the mortgage into WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1 a "closed trust".

204.  Said trust was the Defendant in a "WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1 This is a class action brought by the Doral Bank Puerto Rico ("Doral" or "Plaintiff") alleging violations of Sections 11, 12 and 15 of the Securities Act of 1933, 15 U.S.C. 20 § 77a, et seq., as well as causes of action arising under and pursuant the Washington State Securities Act ("WSSA"), RCW 21.20.010 and 21.20.430(1) and (3), and Washington State Law, on behalf of purchasers of Washington Mutual Mortgage Pass-Through Certificates Series WAMU 2007-0A4, WAMU 2007-0A5, WAMU 2007-0A6, WMALT 2007-0A4, WMALT 2007-0A5, WMALT 2007-0C1, WMALT 2007-0C2, WMALT 2007-3, WMALT 2006-4 and WMALT 2006-5 (the "Certificates" or the "WaMu Certificates") who purchased the Certificates in public offerings (the "Offerings," see 19, infra), backed by pools first lien single-family residential mortgage loans whose interest rates (after an initial fixed-rate period) adjust monthly and which include a

negative amortization feature.

205.    Following the issuance of the Certificates, disclosures began to emerge revealing the routine disregard for the Guidelines in mortgage loan origination of the collateral underlying the Certificates. These disclosures were confirmed by substantially higher rates of delinquencies and foreclosures on collateral for such highly-rated debt issues. Plaintiff purchased certain WaMu Certificates pursuant to the Registration Statement. However, as of the date the within action was commenced, Plaintiff's investment suffered a significant loss. The claims asserted herein under the Securities Act do not sound in or arise from allegations of fraud.

206.    Said class action resulted in the Lenders by and through the  lead plaintiffs and defendants in a securities class action lawsuit against two subsidiaries of Washington Mutual Bank and certain of its officers and directors have agreed to a $26 million settlement on claims that the defendants misrepresented the investment quality of certain mortgage-backed securities in violation of federal securities law, according to court documents filed in Washington federal court on Sept. 4 (in re Washington Mutual Mortgage-Backed Securities Litigation, No. 09-0037, W.D. Wash.).   (Settlement memorandum available. Document #57-120910-099B.)

207.    According to the settlement memorandum, which was filed in the U.S. District Court for the Western District of Washington by lead plaintiffs Doral Bank of Puerto Rico, Policeman's Annuity Benefit Fund of the City of Chicago and Boilermakers National Annuity Trust, defendants WaMu Asset Acceptance Corp., WaMu Capital Corp., David Beck, Diane Novak, Rolland Jurgens and Richard Carreaga have agreed to the settlement in exchange for dismissal of claims brought against them for violation of Sections 11, 12 and 15 of the Securities Act of 1933.

208.    That there were other similar lawsuits benefitting the LENDERS, who were the Plaintiffs in the class action, who recovered $69 million dollars (WaMu Mortgage Pass-Through Certificates Series 2006/Series 2007 Shareholder Class Action Lawsuit 04/11/2012) U.S. District Court for the Southern District of New York settled on 11/10/2014 Settlement Amount: $69,000,000 and no money was credited on the Plaintiff's account, even though the Defendant Lender received $69 million dollars from this settlement. Deadline to Participate in Settlement: 04/20/2015

209.    That $69 million and $26 million were given to the Defendants, but none of the funds recovered were ever credited to the Plaintiffs account, resulting in a double recovery for the Defendants and irreparable and financial harm to the Plaintiff in the sum equivalent to the $95 million dollars that was never credited to the Plaintiff.

210.    Defendants have been paid in full, and yet collected money from the Plaintiff that was never owed, and continue to slander the Plaintiff's title on a mortgage that is void and already satisfied.

211.    Defendants' actions herein in violating California Civil Code Section 2934 by making misrepresentations to the State of California are also business practices that are unlawful, unfair, and/or fraudulent under California Business & Professions Code Section 17200; by recording assignments of mortgage, and the having the entity who was not the assignee substitute trustees, double collecting and never reporting the funds recovered against the Plaintiff's already void mortgage.

212.    The above-described unfair practices injured Plaintiff in an amount which will be proven at the time of trial but in the event of default, three million dollars compensatory damages and twelve million dollars exemplary damages for the willful misconduct.

213.    Plaintiff is informed and believes and therefore alleges that the Defendants performed

the above mentioned acts for the purpose of injuring plaintiff and facilitating Plaintiff losing her home to foreclosure.

214. As an actual and proximate cause of the foregoing, the Plaintiff is entitled to compensatory damages according to proof, and exemplary damages according to proof, or three million dollars compensatory damages and nine million dollars exemplary damages in the event of default as a result of the civil conspiracy, and unfair trade business practices.

215. Wherefore Plaintiff prays for relief as set forth below.

**SEVENTH CAUSE OF ACTION FOR
WRONGFUL FORECLOSURE
(AS TO ALL DEFENDANTS)**

216. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 217, inclusive, as though fully set forth herein.

217. California's Unfair Competition Statute, California Business & Professions Code Section 17200, et seq., prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . ." and conduct which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

218. Plaintiff securitized the mortgage into WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1 a "closed trust".

219. Said trust was the Defendant in a "WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1 This is a class action brought by the Doral Bank Puerto Rico ("Doral" or "Plaintiff") alleging violations of Sections 11, 12 and 15 of the Securities Act of 1933, 15 U.S.C. 20 § 77a, et seq., as well as causes of action arising under and pursuant the Washington State Securities Act ("WSSA"), RCW 21.20.010 and 21.20.430(1) and (3), and Washington State Law,

on behalf of purchasers of Washington Mutual Mortgage Pass-Through Certificates Series WAMU 2007-0A4, WAMU 2007-0A5, WAMU 2007-0A6, WMALT 2007-0A4, WMALT 2007-0A5, WMALT 2007-0C1, WMALT 2007-0C2, WMALT 2007-3, WMALT 2006-4 and WMALT 2006-5 (the "Certificates" or the "WaMu Certificates") who purchased the Certificates in public offerings (the "Offerings," see 19, infra), backed by pools first lien single-family residential mortgage loans whose interest rates (after an initial fixed-rate period) adjust monthly and which include a negative amortization feature.

220.    Following the issuance of the Certificates, disclosures began to emerge revealing the routine disregard for the Guidelines in mortgage loan origination of the collateral underlying the Certificates. These disclosures were confirmed by substantially higher rates of delinquencies and foreclosures on collateral for such highly-rated debt issues. Plaintiff purchased certain WaMu Certificates pursuant to the Registration Statement. However, as of the date the within action was commenced, Plaintiff's investment suffered a significant loss. The claims asserted herein under the Securities Act do not sound in or arise from allegations of fraud.

221.    Said class action resulted in the Lenders by and through the  lead plaintiffs and defendants in a securities class action lawsuit against two subsidiaries of Washington Mutual Bank and certain of its officers and directors have agreed to a $26 million settlement on claims that the defendants misrepresented the investment quality of certain mortgage-backed securities in violation of federal securities law, according to court documents filed in Washington federal court on Sept. 4 (in re Washington Mutual Mortgage-Backed Securities Litigation, No. 09-0037, W.D. Wash.).    (Settlement memorandum available. Document #57-120910-099B.)

222.   According to the settlement memorandum, which was filed in the U.S. District Court for the Western District of Washington by lead plaintiffs Doral Bank of Puerto Rico, Policeman's Annuity Benefit Fund of the City of Chicago and Boilermakers National Annuity Trust, defendants WaMu Asset Acceptance Corp., WaMu Capital Corp., David Beck, Diane Novak, Rolland Jurgens and Richard Carreaga have agreed to the settlement in exchange for dismissal of claims brought against them for violation of Sections 11, 12 and 15 of the Securities Act of 1933.

223.   That there were other similar lawsuits benefitting the LENDERS, who were the Plaintiffs in the class action, who recovered $69 million dollars (WaMu Mortgage Pass-Through Certificates Series 2006/Series 2007 Shareholder Class Action Lawsuit 04/11/2012) U.S. District Court for the Southern District of New York settled on 11/10/2014 Settlement Amount: $69,000,000 and no money was credited on the Plaintiff's account, even though the Defendant Lender received $69 million dollars from this settlement. Deadline to Participate in Settlement: 04/20/2015

224.   That $69 million and $26 million were given to the Defendants, but none of the funds recovered were ever credited to the Plaintiffs account, resulting in a double recovery for the Defendants and irreparable and financial harm to the Plaintiff in the sum equivalent to the $95 million dollars that was never credited to the Plaintiff.

225.   Defendants have been paid in full, and yet collected money from the Plaintiff that was never owed, and continue to slander the Plaintiff's title on a mortgage that is void and already satisfied.

226.   Defendants' actions herein in violating California Civil Code Section 2934 by making misrepresentations to the State of California are also business practices that are unlawful, unfair, and/or fraudulent under California Business & Professions Code

Section 17200; by recording assignments of mortgage, and the having the entity who was not the assignee substitute trustees, double collecting and never reporting the funds recovered against the Plaintiff's already void mortgage.

227.  The above-described unfair practices injured Plaintiff in an amount which will be proven at the time of trial but in the event of default, three million dollars compensatory damages and twelve million dollars exemplary damages for the willful misconduct.

228.  Plaintiff is informed and believes and therefore alleges that the Defendants performed the above mentioned acts for the purpose of injuring plaintiff and facilitating Plaintiff losing her home to foreclosure.

229.  Plaintiff is the equitable owner of the Subject Property (the legal description which has been provided herein), which has the following legal description:

230.  Plaintiff seeks to wrongful foreclosure damages against the claims of Defendants and each of them in the event the property is sold at foreclosure sale.

231.  The Plaintiff has suffered economic and non-economic damages in an amount in excess of any sums purportedly owed to the Defendant; and because of the criminal conduct of the Defendants, and each of them; and the breach of the agreements and breach of fiduciary duty owed the Plaintiff, the beneficiary has been paid in full.

232.  Defendants' claims were adverse to Plaintiff because Plaintiff is informed or believes that none of the defendants is a holder of the mortgage loan note, none of them can prove any interest in the mortgage loan note and none of them can prove that the mortgage loan note is secured by the Deed of Trust.

233.  As such, Defendants had no right, title, lien or interest in the Subject Property when they foreclosed.

234.  Plaintiff seeks a judicial declaration that the title to the Subject Property at the time of

the foreclosure was vested in Plaintiff alone and that the Title Defendants and each of them be had no interest estate, right, title or interest in the subject property and that the Title Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiff's rights; that all the recorded documents, exhibits 2-33 were void ab initio and an order is made striking them from the official records of this county as a fraud upon the people, fraud upon the Plaintiff and a fraud upon the court.

**EIGHTH CAUSE OF ACTION**
**NINTH CAUSE OF ACTION FOR**
**CIVIL CONSPIRACY**
**(AS TO WASHINGTON MUTUAL MORTGAGE PASS-THROUGH**
**CERTIFICATES WMALT SERIES 2007-0C1**

235.    Plaintiffs incorporate paragraphs 1 to 234, inclusive, herein, as though set forth herein in full.

236.    An agreement between two or more parties existed, including the defendant WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1, its agents, employees and investors, and each of them, and others;

237.    California's Unfair Competition Statute, California Business & Professions Code Section 17200, et seq., prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . ." and conduct which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

238.    Plaintiff securitized the mortgage into WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1 a "closed trust".

239.    Said trust was the Defendant in a "WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-0C1 This is a class action

brought by the Doral Bank Puerto Rico ("Doral" or "Plaintiff") alleging violations of Sections 11, 12 and 15 of the Securities Act of 1933, 15 U.S.C. 20 § 77a, et seq., as well as causes of action arising under and pursuant the Washington State Securities Act ("WSSA"), RCW 21.20.010 and 21.20.430(1) and (3), and Washington State Law, on behalf of purchasers of Washington Mutual Mortgage Pass-Through Certificates Series WAMU 2007-0A4, WAMU 2007-0A5, WAMU 2007-0A6, WMALT 2007-0A4, WMALT 2007-0A5, WMALT 2007-0C1, WMALT 2007-0C2, WMALT 2007-3, WMALT 2006-4 and WMALT 2006-5 (the "Certificates" or the "WaMu Certificates") who purchased the Certificates in public offerings (the "Offerings," see 19, infra), backed by pools first lien single-family residential mortgage loans whose interest rates (after an initial fixed-rate period) adjust monthly and which include a negative amortization feature.

240.    Following the issuance of the Certificates, disclosures began to emerge revealing the routine disregard for the Guidelines in mortgage loan origination of the collateral underlying the Certificates. These disclosures were confirmed by substantially higher rates of delinquencies and foreclosures on collateral for such highly-rated debt issues. Plaintiff purchased certain WaMu Certificates pursuant to the Registration Statement. However, as of the date the within action was commenced, Plaintiff's investment suffered a significant loss. The claims asserted herein under the Securities Act do not sound in or arise from allegations of fraud.

241.    Said class action resulted in the Lenders by and through the  lead plaintiffs and defendants in a securities class action lawsuit against two subsidiaries of Washington Mutual Bank and certain of its officers and directors have agreed to a $26 million settlement on claims that the defendants misrepresented the investment quality of

certain mortgage-backed securities in violation of federal securities law, according to court documents filed in Washington federal court on Sept. 4 (in re Washington Mutual Mortgage-Backed Securities Litigation, No. 09-0037, W.D. Wash.).   (Settlement memorandum available. Document #57-120910-099B.)

242.    According to the settlement memorandum, which was filed in the U.S. District Court for the Western District of Washington by lead plaintiffs Doral Bank of Puerto Rico, Policeman's Annuity Benefit Fund of the City of Chicago and Boilermakers National Annuity Trust, defendants WaMu Asset Acceptance Corp., WaMu Capital Corp., David Beck, Diane Novak, Rolland Jurgens and Richard Carreaga have agreed to the settlement in exchange for dismissal of claims brought against them for violation of Sections 11, 12 and 15 of the Securities Act of 1933.

243.    That there were other similar lawsuits benefitting the LENDERS, who were the Plaintiffs in the class action, who recovered $69 million dollars (WaMu Mortgage Pass-Through Certificates Series 2006/Series 2007 Shareholder Class Action Lawsuit 04/11/2012) U.S. District Court for the Southern District of New York settled on 11/10/2014 Settlement Amount: $69,000,000 and no money was credited on the Plaintiff's account, even though the Defendant Lender received $69 million dollars from this settlement. Deadline to Participate in Settlement:  04/20/2015

244.    That $69 million and $26 million were given to the Defendants, but none of the funds recovered were ever credited to the Plaintiffs account, resulting in a double recovery for the Defendants and irreparable and financial harm to the Plaintiff in the sum equivalent to the $95 million dollars that was never credited to the Plaintiff.

245.    Defendants have been paid in full, and yet collected money from the Plaintiff that was never owed, and continue to slander the Plaintiff's title on a mortgage that is void and

already satisfied.

246.   Defendants' actions herein in violating California Civil Code Section 2934 by making misrepresentations to the State of California are also business practices that are unlawful, unfair, and/or fraudulent under California Business & Professions Code Section 17200; by recording assignments of mortgage, and the having the entity who was not the assignee substitute trustees, double collecting and never reporting the funds recovered against the Plaintiff's already void mortgage.

247.   The above-described unfair practices injured Plaintiff in an amount which will be proven at the time of trial but in the event of default, three million dollars compensatory damages and twelve million dollars exemplary damages for the willful misconduct.

248.   Plaintiff is informed and believes and therefore alleges that the Defendants performed the above mentioned acts for the purpose of injuring plaintiff and facilitating Plaintiff losing her home to foreclosure.

249.   As alleged herein, the individuals agreed to perform an unlawful act, including, but not limited to those acts incorporated herein, or to do a lawful act by unlawful means, also as incorporated herein;

250.   The fraudulent preparation and recording of the forged documents, Exhibits 2-33; the violations of the numerous statutes; the mail fraud; the wire fraud; the bank fraud, and all acts incorporated herein, all constitute the doing of some overt act in pursuance of the conspiracy; and

251.   As an actual and proximate cause of the conspiracy, Plaintiff suffered actual economic and non-economic damages under the conspiracy as prayed below.

252.   Wherefore Plaintiff prays for damages as set forth below:

## PRAYER FOR RELIEF

253.    Wherefore, Plaintiff prays for judgment against the Defendants and each of them, jointly and severally, as follows:

254.    For a declaration of the rights and duties of the parties, specifically that the assignment of Deed of Trust on Plaintiff's residence was wrongful.

255.    For compensatory damages according to proof, but in the event of default, three million dollars;

256.    For exemplary and punitive damages in an amount according to proof, but in the event of default, nine million dollars.

257.    For issuance of a judicial decree finding that the Trustee's Sale, if one occurs,  is and was void and that Plaintiff is entitled to compensatory damages (three million in the event of default) and punitive damages (nine million in the event of default.

258.    To void and vacate the Trustee's Deed, if any there be.

259.    To vacate and set aside the fraudulent foreclosure, if any there be.

260.    To Quiet title in favor of the Plaintiff and against all Defendants and all others who claim to have an interest of any kind, in fee simple absolute, in the subject property: THE LAND REFERRED TO HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES, DESCRIBED AS FOLLOWS LOT 297, OF TRACT NO. 7668, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 83 PAGE(S) 1 TO 3 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY A.P.N.: 4214-013-008.  See Exhibits 1-2

261.    To find in favor of Plaintiff and against all Defendants and to find that the foreclosure

against the Plaintiff was void, fraudulent, and recorded in violation of statute, State
and Federal law and vacate the following documents:

EXHIBIT 3 – DEED OF TRUST, RECORDED IN THE OFFICIAL RECORDS OF
THE COUNTY OF LOS ANGELES, DOCUMENT NUMBER 04-2315302 ON
SEPTEMBER 9TH, 2004.

EXHIBIT 4 -  is a Golden West Reconveyance, Document Number 05-3203718.

EXHIBIT 5 – DEED OF TRUST AND REQUEST FOR NOTICE OF DEFAULT
recorded in the official records of Los Angeles County, Document 05-1583036 on
July 6th, 2005.

EXHIBIT 6 is a Deed of Reconveyance recorded in the official records of Los
Angeles County on December 30th, 2005, Record number 05-3238575.

EXHIBIT 7 is a deed of trust in favor of Mortgageit recorded in the official records
of Los Angeles County on December 7th, 2005, record number 05-2991085.

Exhibit 8 is the Mers Substitution of Trustee and Full Reconveyance, and is recorded
in the official records of the Recorders office in Los Angeles County, California,
Document 20070236103, on February 5th, 2007.

Exhibit 9 is the Mortgage Store Financial, Inc., Deed of Trust, and is recorded in the
official records of the Recorders office in Los Angeles County, California, Document
06-2842065, on December 21st, 2006.

Exhibit 10 is an Assignment of Deed of Trust created and by California
Reconveyance Company to Bank of America, NA as successor by merger to LaSalle
Bank, NA as trustee for Washington Mutual Mortgage Pass-Through Certificates
WMALT Series 2007-0C1 Trust in the 12/01/2006.

EXHIBIT 11 is a Substitution of Trustee and is recorded in the official records of the
Recorders office in Los Angeles County, California, Document 20070236103, on
February 5th, 2007.

EXHIBIT 12 is a fraudulent notice of default, and is recorded in the official records
of the Recorders office in Los Angeles County, California, Document 20091620620,
on October 27th, 2009 recorded by the convicted California Reconveyance
Company.

Exhibit 13 is a Notice of Trustee's Sale and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20100136998, on January 29th, 2010 recorded by the convicted California Reconveyance Company.

Exhibit 14 is a Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20101819203, on December 9th, 2010.

Exhibit 15 is a Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20101819203 on December 9th, 2010 recorded by the convicted California Reconveyance Company.

EXHIBIT 16 is a Notice of Trustee's Sale, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20110178407 on February 2nd, 2011 recorded by the convicted California Reconveyance Company.

EXHIBIT 17 is a Substitution of Trustee and Full Reconveyance, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20120302504 on February 27th, 2012 recorded by the convicted California Reconveyance Company.

EXHIBIT 18 is a Corporate Assignment of Deed of Trust, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20120703205 on May 10th, 2012 recorded by the JPMorgan Chase Bank, who claimed originally to be a servicer, and in this document claims to be the successor in interest to the defunct Mortgage Store and purported successor, the Trust, and the void mortgage.

EXHIBIT 19 is a NOTICE OF TRUSTEE'S SALE, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20121675620 on November 5th, 2012 recorded by the same convicted California Reconveyance Company.

EXHIBIT 20 is a SUBSTITUTION OF TRUSTEE, and is recorded in the official records of the Recorders office in Los Angeles County, California, Document 20150551613 on May 13th, 2015 recorded by Trustee Corps.

Exhibit 20 purports to claim that U.S. Bank National Association has substituted the trustee, but as seen in Exhibit 18, JPMorgan Chase claims to be the assignee of the subject mortgage, and therefore there is no authority to substitute trustees by the assignor, US Bank.

EXHIBIT 21 is a Trustee Corps Notice of Trustees sale, and recorded in the official records of Los Angeles County, California 20150609241 on May 26th, 2015.

EXHIBIT 22 is a Trustee Corps Notice of Trustees sale, and recorded in the official records of Los Angeles County, California 20151072190 on August 31st, 2015.

EXHIBIT 23 is an admission of fraud and a Notice of Rescission of Notice of Default and Election to Sell Under Deed of Trust, and recorded in the official records of Los Angeles County, California 20161343577 on October 31st, 2016.

EXHIBIT 24 is another fraudulent Substitution of Trustee and recorded in the official records of Los Angeles County, California 20181079618 on October 31st, 2016, this time designating National Default Servicing Corporation.

EXHIBIT 25 is a short form deed of trust and assignments of rents by CAA Inc and recorded in the official records of Los Angeles County, California 20101843661 on December 14th, 2010.

EXHIBIT 27 is the Lis Pendens Document 20130755532 recorded in the official records of Los Angeles County, California on May 20th, 2013.

EXHIBIT 29 is the Deed of Trust in favor of Limelite Reconveyance, recorded in the official records of Los Angeles County, California Document Number 20151189072, on September 24th, 2015.

EXHIBIT 32 is the Notice of Assessment, recorded in the official records of Los Angeles County, Document Number 20170535425, on May 15th, 2017.

EXHIBIT 33 is the Notice of Assessment, recorded in the official records of Los Angeles County, Document Number 20170535425, on May 15th, 2017.

262.    Pursuant to Business and Professions Code §17203, that all Defendants, their successors, agents, representatives, employees, and all persons who act in concert with them be ordered to pay the Plaintiff by committing any acts of unfair competition in violation of §17200, including, but not limited to, the violations alleged herein.

263.  For civil penalties pursuant to civil conspiracy, statute, restitution, injunctive relief and reasonable attorney's fees according to proof.

264.  For reasonable costs of suit and such other and further relief as the Court deems proper.

265.  That during the pendency of these proceedings, the court find that real property is unique, and the Plaintiff would suffer irreparable harm if the home were sold and therefore issue a preliminary injunction and permanent injunction prohibiting the Defendant or any other person or entity from listing the subject property for sale or selling the subject property.

January 7, 2020                                   _Heidi Lobstein_
                                                  _____

                                                  HEIDI M. LOBSTEIN
                                                  PLAINTIFF PRO SE
                                                  3852 MCLAUGHLIN AVENUE
                                                  Los Angeles, CA 90066
                                                  phone: 310-439-1146
                                                  email:  lobstein8@gmail.com

1

2
**Verification of Complaint**

3

4
     I, HEIDI M. LOBSTEIN, am the plaintiff in this action. I am familiar with the factual

allegations in this complaint and TRO applications. Such facts are true as stated herein,

5

6
except as to those matters which are based on my information and belief, and as to those

matters, I believe them to be true.  I declare under penalty of perjury the foregoing is true.

7

8
Signed in LOS ANGELES County, California, on

9

10
January 7, 2020            _Heidi Lobstein_
                         _____

11

12
                      HEIDI M. LOBSTEIN
                      PLAINTIFF PRO SE

13
                      3852 MCLAUGHLIN AVENUE
                      Los Angeles, CA 90066

14
                      phone: 310-439-1146
                      email:  lobstein8@gmail.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**[C.C.P. §1013A(3)]**

STATE OF CALIFORNIA      )
                        )       ss:
COUNTY OF LOS ANGELES   )

      I am employed in the County of __Los Angeles_____, State of California.  I am over the age of 18 years and am not a party to the within action.  My business address is _____

_____

      On _____, I served the foregoing documents described as **PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, certified mail, return receipt requested, and addressed as follows:

Steven M. Dailey (SBN 163857)
Rebecca L. Wilson (SBN 257613)
KUTAK ROCK LLP
5 Park Plaza, Suite 1500 Irvine, CA 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
Email: Steven.dailey@kutakrock.com
Email: Rebecca.wilson@kutakrock

    __    **BY MAIL**

      *I deposited such envelope into the mail at __Los Angeles_____, California. The envelope was mailed with postage prepaid is affixed with postage thereon fully prepaid and deposited with the U.S. Postal Service in __Los Angeles_____, California on the same day.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one (1) day after the date of deposit for mailing in this affidavit.*

___    **BY PERSONAL SERVICE**

*I hand delivered such envelope to the offices of the addressee(s) listed above.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed ___January 8, 2020_____ at _Los Angeles_____ , California.

_____